MICHAEL BANNER, Respondent, *v.* LYON & HEALY, INC., and JAY C. FREEMAN, Appellants.

First Department, February 11, 1937.

*R. L. von Bernuth* of counsel [*D. L. Bugg* with him on the brief; *Gould & Wilkie,* attorneys], for the appellant Lyon & Healy, Inc.

*J. J. Kramer* of counsel [*J. O. Kramer* with him on the brief; *Kramer, Galgano & Koch,* attorneys], for the appellant Jay C. Freeman.

*J. Walter Edwards* of counsel [*W. H. L. Edwards* with him on the brief; *Edwards, Breckinridge & Noble,* attorneys], for the respondent.

O'MALLEY, J. The judgment is predicated upon the fraud of the individual defendant Freeman (the corporate defendant being held liable as principal) in the sale of a violin to the plaintiff. Concededly Freeman by written certificate represented the instrument to be the work of the famous " Master Antonius Stradivarius in Cremona 1717 as shown by the label it bears." It was likewise represented that the " top " (also described as " belly " or " table ") was of " spruce of Stradivarius's choicest selection and is unique among his Violins we have seen by reason of its unusual strength."

It is also conceded by the plaintiff that the violin as a whole was the work of Stradivarius and that it was perfect in tone and satisfactory in all respects except one. His evidence was to the effect that the left half of the top was not the work of Stradivarius but was made of different wood, colored or stained to resemble

original material on the right side of the instrument. This substitution it is claimed took place in the course of repairs made probably by some French artisan between the years 1840 and 1850. Defendants' evidence tended to show that there had been no substitution of materials and that the entire instrument was the work of the original maker.

We will assume for the purpose of our decision that the court was justified in resolving this disputed issue of fact in favor of the plaintiff. There remains the question of whether plaintiff established his cause of action. As already noted, he sues in fraud, not in rescission, and has thus elected to retain the instrument. He recovered damages in the sum of $6,000, representing the difference between the price paid, $13,300, and the actual value. The total judgment, including interest and costs, was $12,152.40.

In our view the plaintiff failed to prove scienter, a necessary element of his cause of action. There was presented no evidence which would justify a finding that the defendant Freeman in selling the instrument, gave, or attempted to give, the impression of, or had actual knowledge; nor was there pretense of knowledge or reckless indifference to knowledge in any statement made. ( *Ultramares Corp.* v. *Touche*, 255 N. Y. 170, 179; *Hadcock* v. *Osmer*, 153 id. 604; *Kountze* v. *Kennedy*, 147 id. 124.) Rather, there was but an expression of mere belief or opinion. When the sale took place in 1919, Stradivarius had been dead for some 200 years, a fact known to the whole world and to the parties concerned. Plaintiff himself was a noted violinist, generally familiar with violins and of those made by Stradivarius. In these circumstances, he must have understood that the defendant Freeman, in any representations made was but expressing his opinion and honest belief that the instrument was in all respects genuine.

It appears that the defendant Freeman had purchased the violin for the predecessor of the corporate defendant in 1917 for $10,000 from John Friedrich & Bro., and had received from the seller a certificate reciting its history and attesting its authenticity.

Friedrich had purchased the violin in 1913 for the sum of $7,500 and received a certificate from the seller, one Ludwig Marum. This was to the effect that the instrument had been purchased from " either Hart *or* Hill of London " by Mr. George C. Park (formerly of Park & Tilford of New York city), who, in turn, had sold it to Mrs. Sears of Boston. It was then sold to Mr. William C. Whitney of New York city who purchased it for his stepdaughter, Miss Randolph. The latter, who had become Mrs. Lambert, residing in England, authorized its sale by Marum.

The evidence shows that the instrument was famous among the products of Stradivarius and the plaintiff himself used it for

over ten years before the authenticity of the left portion of the " table " was questioned. In 1928, at a time when the violin had been left with the defendant Freeman to be cleaned and for the installation of a new base or tension bar, the plaintiff stated, among other things: " It is one of the finest Stradivarius Violins in existence and tonally unsurpassed."

As already noted, the violin was perfect in tone and the alleged defect in no way interfered with its quality in this respect.

For the reasons stated, we are of opinion that the plaintiff failed to establish actionable fraud against the defendant Freeman. It follows, of course, that no cause of action was made out against the corporate defendant, sued as principal. As to the latter, moreover, there are technical objections in our opinion which would require a reversal.

It follows that the judgment should be reversed, with costs, and the complaint dismissed, with costs to the appellants.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.