JAMES D. STEIN, Appellant, *v.* SAMUEL WASSERMAN, Respondent.

First Department, April 5, 1940.

*Walter J. Fried* of counsel [*Riegelman, Hess & Strasser*, attorneys], for the appellant.

*Jeremiah T. Mahoney* of counsel [*Warren C. Fielding* with him on the brief; *Phillips, Mahoney & Fielding*, attorneys], for the respondent.

Dore, J. The amended complaint, herein attacked under rules 90 and 103 of the Rules of Civil Practice, involves a series of complicated transactions alleged as a single cause of action extending over a period of years on the basis of which plaintiff seeks from defendant money damages chiefly based on defendant's alleged fraudulent representations and concealments in connection with plaintiff's investment in a corporation. The amended complaint was served pursuant to leave after a prior order granting a previous motion of defendant under section 103 of the Civil Practice Act to strike out the greater part of the complaint as irrelevant and evidentiary. Defendant again moves (1) under the same rule, (2) on the ground that the complaint is practically the same as the prior complaint which had been dismissed, and (3) under rule 90 separately to state and number allegedly distinct causes of action. Special Term granted the motion. Plaintiff appeals.

The law of the case as established by the previous order of the Special Term granting the earlier motion to dismiss is not binding on this court. (*Walker* v. *Gerli,* 257 App. Div. 249.) As general allegations of fraud are insufficient and the facts upon which fraud is predicated must be set forth in the pleading (*Ingraham* v. *International Salt Co.,* 114 App. Div. 791; *Schiefer* v. *Freygang,* 125 id. 498, 503), we think the greater part of the italicized portions of the amended complaint sought to be stricken out is neither evidentiary nor irrelevant. The complaint, however, obviously needs clarification before defendant should be compelled to answer.

Plaintiff contends that all the allegations may be viewed as steps in one entire transaction leading to plaintiff's loss by reason of defendant's fraud, and are not intended to set forth separate and distinct causes of action. If plaintiff intends this, he should so plead the facts as to make clear that is the sole theory on which he relies to hold the defendant liable. On the facts as presently pleaded, Special Term properly held plaintiff has joined separate causes of action. While plaintiff chiefly relies on alleged fraud, he also apparently relies on duress (1) in being compelled to sign an agreement to purchase defendant's interest in a certain chattel mortgage, and (2) in being forced to sell all of his stock and claims against the corporation in question for a sum substantially less than the fair value thereof. If plaintiff alleges this duress solely as part of one fraudulent scheme ultimately resulting in the loss of his investment, let him so plead that the precise meaning and application of the allegations are made definite and clear.

In the pleading before us there also appears to be a separate allegation of fraud committed against the plaintiff and the corporation in connection with a $37,000 life insurance policy. If this is

meant to be part of the same claimed fraudulent transaction leading to the loss of the investment that also should be made clear.

In repleading, plaintiff should set forth the facts concisely and clearly so that the theory on which he relies to hold defendant liable may appear without confusion or doubt and that clearly-defined issues may be presented on the trial.

The order appealed from should be affirmed, with twenty dollars costs and disbursements, with leave to the plaintiff to replead within twenty days from the service of the order herein on payment of said costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements, with leave to the plaintiff to serve an amended complaint within twenty days after service of order upon payment of said costs.