Benjamin Brenner, J.
Defendants move under rule 106 of the Buies of Civil Practice to dismiss the complaint in an action to recover moneys advanced to finance a marriage and a medical career. They contend that the complaint does not state facts sufficient to constitute a cause of action for fraud, and with this contention the court must agree.
The alleged fraud consists of representations that the defendant Irwin Fishman was (1) “ a medical student with one year remaining to completion of his said medical studies ” and (2) “ physically and mentally fit and able to enter into and carry out the functions and duties of marriage,” which representations induced plaintiff to allow her daughter to marry said defendant and to finance him and his wife to the extent of $15,000. It is further alleged that these statements were false in that the said defendant ‘ ‘ was not a medical student with one year remaining to completion of his medical studies and was not physically or mentally fit and able to enter into and carry out the functions and duties of marriage.” The complaint is silent as to the respect in which these representations were false.
A representation, in order to be actionable, must be more than an opinion or expression of an expectation. (Banner v. Lyon & Healy, 249 App. Div. 569, affd. 277 N. Y. 570; Uhlmann v. Hammons, 74 N. Y. S. 2d 66; Podolsky v. Sandler, 161 N. Y. S. 363.) Podolsky (supra) involved a representation very similar to the one here which concerns the defendant’s status as a medical student. The court there, in speaking of the defendant’s representation that he expected to graduate from medical school in one and a half years even though at the time he said he was only a sophomore, stated (p. 364): “ [I] t was not a statement of fact, but merely an expression of opinion as to the time it would take the defendant to get his degree ’ ’. So, in the case at bar, the complaint, as it now stands, states a representation of an estimate of time, namely that it would take a year for the *352 defendant Irwin to complete his medical school studies. This may have been a fair approximation of time if he made the statement during his junior year. It may also be that additional facts are available which, if pleaded, would indicate that this was an impossible or wholly improbable estimate and not merely an opinion, but the court cannot supply them in their absence.
With regard to the second representation, it is undoubtedly true that false statements as to health may be the basis of an action in fraud but these must be spelled out and mere conclusions are insufficient to state a cause of action. (Stein v. Wasserman, 259 App. Div. 265; Bronstein v. Bronstein, 80 N. Y. S. 2d 568.) The plaintiff cites Cohen v. Kahn (263 App. Div. 728) in support of his contention that the allegations in the present complaint are sufficient. In that case, however, the plaintiff had specifically pleaded that the defendant was knowingly suffering from hemophilia at the time of his representation that he was in good health.
The motion to dismiss is granted with leave to the plaintiff to serve an amended complaint within 20 days after entry of an order herein.
Settle order on notice.