■ WALTER UNTERMEYER, JR., et al., Respondents, v. MYRIAD INVESTORS CORP. et al., Appellants, and CHARLES BASSINE et al., Defendants.— Orders, Supreme Court, New York County, entered on June 1, 1973, each unanimously modified, on the law, to vacate denial of the motion of each defendant-appellant to dismiss the complaint for failure to state a cause of action and to grant that motion, without prejudice to repleader of any cause of action which may be justified by the facts, and to dismiss each appeal insofar as it relates to Special Term's denial of the motion of each defendant-appellant to make the complaint more definite and certain, without costs and without disbursements. The complaint's recital of alleged fraudulent acts bears resemblance to nothing so much as a proceeding under the Debtor and Creditor Law to set aside transfer of assets. This is not to say that plaintiffs' asserted cause is actually pleaded under that law. The difficulty is that it cannot be ascertained from the pleading as drawn just what plaintiffs' theory is. *Inter alia,* the representations said to have been made by some defendants cannot be read as relating to existent facts when made. For example, the eleventh paragraph of the complaint abounds with references to the future. There is no statement of any fiduciary relationship between the parties which would lay the basis for a claim of special reliance on defendants. While liberality in pleading may be acceptable, it should not be carried to the point where a defendant must either invoke pretrial procedures to ascertain what a plaintiff is claiming so that a response may be drawn, or to await the trial and rulings thereat by a Trial Justice as to what the pleading means. On the complaint as drawn, it is not possible to rule on defendants' assertion that the complaint, even if amended, cannot be the basis for any known cause of action. Indeed, were it not for the disposition here made, consideration of the motion to make the pleading more definite and certain might well be in order. In the circumstances, we feel that plaintiffs should have an opportunity, if so advised, to replead. As to the portion of the appeal dismissed, it suffices to say that counsel has stated on argument that it is not being pursued. Concur — Markewich, Lane, Tilzer and Capozzoli, JJ.; McGivern, J. P., concurs in part in the following memorandum: I concur in the direction that a new complaint be served. A fresh complaint could more clearly delineate the roles of

the various defendants, the lines of liability ascribed to them, and the essential facts required to give notice of the transactions. Actually, a case could be made out to sustain the complaint as it is. This was the view of Special Term, and with this view I am in basic agreement. We are required to give every complaint a liberal reading. Defects or irregularities are to be ignored. (CPLR 104, 3026.) The supreme test is whether the defendants are fairly given notice of the transaction involved. (CPLR 3013.) As this court said in *Foley* v. *D'Agostino* (21 A D 2d 60, 66) "Thereby, we would invariably disregard pleading irregularities, defects or omissions which are not such as to reasonably mislead one as to the identity of the transaction or occurrences sought to be litigated or as to the nature and elements of the alleged cause or defense." Taking the complaint as it is, the defendants seemingly had no difficulty in drafting a response to it, as they did when they filed an answer to it. Nor did they cry that they had been misled as to the identity of the transaction. And they served notices for examination before trial, demands for bills of particulars, applications for protective orders, etc. And, in due course, the pretrial procedures would have crystallized the issues. However, since a new complaint could render a clarifying service, I concur in the result reached by the majority. But, I do not associate myself with the constrictions suggested by the majority, to wit, that the plaintiffs are circumscribed by the Debtor and Creditor Law. The plaintiffs assert that the defendants participated in a scheme whereby they induced plaintiffs to invest $280,000 in Theil, and they (the) *"Defendants did not disclose their pre-existing intent to strip Theil of its valuable assets."* (Emphasis supplied.) Thus, paragraph eleven is not an allegation that "abounds with references to the future". It sets forth promissory representations made with no intent of performance; if the plaintiffs relied on them to their damage, they have an actionable cause. And the plaintiffs seek the equitable relief of an accounting and the establishment of a constructive trust. This goes far beyond a proceeding under the Debtor and Creditor Law to set aside a transfer of assets, and entitles the plaintiffs to far greater relief. Nor do I agree with the conclusion of the majority that there is no statement of any fiduciary relationship between the parties. To the contrary, the facts pleaded, liberally construed (as we are enjoined to do) spell out a fiduciary relationship in the nature of obligations incident to a joint venture, and instinct with duties owed by the directors of a corporation to creditors and stockholders. As the complaint avers, "Defendants Schiavone, La Porte and Bishop were the principal officers and directors of defendant Theil", and, as such, occupied a fiduciary relationship to the creditors of the corporation. "But it is clear that directors have always been found to stand in a confidential position. They act as fiduciaries in the operation of corporate affairs, especially in regard to minority interests. We have continued to recognize that the basic status of corporate directors was essentially that of trust guardians of corporate property (*Sialkot Importing Corp.* v. *Berlin*, 295 N. Y. 482 [1946])." (*Matter of Baldwin Trading Corp.*, 8 N Y 2d 144, 148.) Lastly, I do not agree with the categorical declaration of the majority that it is "impossible" to rule on the defendant's assertion that even an amended complaint cannot be the basis of any known cause of action. I find the plaintiffs have now a cause of action. "The new provision is designed to focus attention on whether the pleader has a cause of action rather than on whether he has properly stated one." (6 Carmody-Wait 2d, New York Practice, § 38:19; *Kelly* v. *Bank of Buffalo*, 32 A D 2d 875.) Or, as was said in *Shea* v. *Esmay* (50 Misc 2d 509, 511), the purpose of CPLR 3211 *"is not merely to determine whether the pleading states a cause of action, but to determine whether the plaintiff in fact has a cause of action"*. (Italics

supplied.) Thus, I concur in the result on the theory that although repleading involves supererogatory activity, in this instance, it seems to be incapable of harm, and may be productive of good. But I do take exception to the expressions wherein the opinion is couched.