■    JOSEPH LANZI, Respondent, v ARTHUR BROOKS, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered March 29, 1976 in Columbia County, which denied defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action. This is an action to recover damages for fraud and deceit. In his first cause of action, plaintiff alleges that prior to October, 1964, all the stock of Textile By-Products Corporation was owned by a trust created by defendant's father-in-law and that defendant was vice-president of the corporation and in exclusive control thereof; that the corporation was in serious financial and production difficulties at that time; that the defendant made certain fraudulent representations to plaintiff which plaintiff relied on in accepting a position with the corporation as production manager in October of 1964; that the corporation prospered after plaintiff began work at the corporation; that plaintiff received a salary of $25,000 a year plus a substantial bonus from the corporation's profits; that the stock of the corporation was sold in 1968 to the defendant, his wife, two sales representatives and the plaintiff (who received one sixth of the total shares); that the plaintiff was fired by the defendant on June 20, 1975, contrary to the representations made to him by the defendant in 1964; and that he was removed as a director. In his second cause of action plaintiff alleges that he invented a new type of padded car roof in 1967 which he was advised could be patented; that the defendant represented to the plaintiff that if he refrained from obtaining a patent and allowed the corporation to manufacture the product, they would avoid litigation and the bonus of the plaintiff would be increased; and that the

plaintiff relied on this statement and was thereby deprived of royalties in the amount of $3,000,000. In the third cause of action, plaintiff seeks punitive damages, alleging that there existed a confidential relationship between the parties and that the defendant acted maliciously. In our view, Special Term erred in denying defendant's motion to dismiss for failure to state a cause of action, pursuant to CPLR 3211 (subd [a], par 7). To plead a prima facie case of fraud the plaintiff must allege representation of a material existing fact, falsity, scienter, deception and injury. *(Reno v Bull,* 226 NY 546, 550.) In addition, each of these essential elements must be supported by factual allegations sufficient to satisfy the requirement of CPLR 3016 (subd [b]) that "the circumstances constituting the wrong shall be stated in detail" when a cause of action based upon fraud or breach of trust is alleged. CPLR 3016 (subd [b]) imposes a more stringent standard of pleading than the generally applicable "notice of the transaction" rule of CPLR 3013, and complaints based on fraud or breach of trust which fail in whole or in part to meet this special test of factual pleading have consistently been dismissed (see *Block v Landegger,* 44 AD2d 671; *Meltzer v Klein,* 29 AD2d 548). Measured against this standard it is apparent that the complaint fails to state a cause of action. Defendant accurately contends that the alleged falsity of all representations in the first cause of action except for that relating to the method of future profit sharing, not heretofore mentioned, is contradicted by other allegations in the first cause of action. Plaintiff thus concedes that the following alleged misrepresentations were not in fact misrepresentations but actually were facts which occurred: That the Textile By-Products Corporation would pay plaintiff an annual salary of $25,000, plus a substantial bonus, to be based on any increase in gross profits of the corporation; that plaintiff would be allowed to purchase a substantial portion of the corporation's stock on time and out of the moneys which he would obtain from the bonus on the profits. This leaves only one alleged false representation in support of the first cause of action, *viz.,* the purported profit sharing arrangement between the parties. Plaintiff alleges that the defendant "falsely, fraudulently and with intent to deceive the plaintiff, represented to the plaintiff that after the purchase of the stock from the said Adolph Lorch estate, that they would continue to operate throughout the existence of the corporation; that instead of declaring dividends from the profits in accordance with the proportionate share of the stocks, they would divide equally the profits in the form of equal salaries and equal bonuses and that this arrangement would continue through the life of the corporation." Absent a present intent to deceive, a statement of future intentions, promises or expectations is not actionable on the grounds of fraud *(Adams v Clark,* 239 NY 403). A complaint based upon a statement of future intention must allege facts to show that the defendant, at the time the promissory representation was made, never intended to honor or act on his statement. Moreover, any inference drawn from the fact that the expectation did not occur is not sufficient to sustain the plaintiff's burden of showing that the defendant falsely stated his intentions. Plaintiff's complaint neither alleges that defendant falsely stated his future intentions at the time he purportedly made the profit-sharing representation nor contains any factual assertions from which this conclusion can be drawn. Finally, in order to be actually deceived by a false representation, a party must not only reasonably believe that the representation is true, but he must also be justified in taking action in reliance thereon. Here, the plaintiff could not justifiably rely on the alleged representation made with respect to future profit sharing, which was made by the defendant when the corporation was

still owned by a trust created by defendant's father-in-law. Accordingly, the plaintiff knew or should have known that the defendant did not have the ability to make such a continuing guarantee. Defendant properly points out that plaintiff should have been aware of the legal limitations on defendant's authority and certainly could not believe that the corporation would enter into a profit-sharing plan between only plaintiff and defendant in perpetuity, which might well have been an illegal infringement upon the rights of the majority stockholders who were excluded. The second cause of action fails to state a cause of action in fraud and deceit as a matter of law. It differs from the first cause of action in that it contains the additional alleged misrepresentations that "if the plaintiff would refrain from obtaining a patent and allow the Textile By-Products Corporation to manufacture the product, they would avoid litigation with other companies, and that the bonus of the said plaintiff would be greatly increased because he and the plaintiff could envision greatly increased profits to the corporation, thus greatly increasing the bonus to the plaintiff." These allegations rely on a statement in which the defendant purportedly speculated about what he thought might happen in the future. Such a representation cannot support an action for fraud since it is not a statement of fact, but rather an expression of opinion *(Banner v Lyon & Healy, Inc.,* 249 App Div 569, affd 277 NY 570). Moreover, plaintiff did for a number of years receive substantially increased profits. The third cause of action must also fall since it pleads merely a conclusional statement of an alleged breach of a relationship of trust and confidence between the parties for breach of which punitive damages are sought. Order reversed, on the law and the facts, and complaint dismissed, with costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Larkin, JJ., concur.