OPINION OF THE COURT
Edward J. Greenfield, J.
Defendants move pursuant to CPLR 3211 (subd [a], pars 1, 7) and 3016 (subd [b]) to dismiss the plaintiff’s complaint. What is involved in this case is the exact legal significance of the widely used Environmental Protection Agency (EPA) fuel economy ratings which purport to inform consumers of the estimated miles per gallon (MPG) of particular makes and models of automobiles.
Plaintiff alleges that he purchased a 1979 Lincoln Continental Mark VI, manufactured by defendant Ford Motor Company, Inc., and sold by defendant Manhattan Ford Lincoln-Mercury, Inc., for the sum of $18,708. He further alleges that the defendants warranted and represented that the automobile would get 15 miles to the gallon, but that in his operations in the streets of New York plaintiff found that the vehicle averaged only 7 miles per gallon. He therefore seeks rescission of the purchase, or replacement with another vehicle which would meet the EPA mileage ratings.
For the purpose of this motion, the factual allegations as to the actual miles obtained by plaintiff must be accepted as true. Nevertheless, the complaint is legally insufficient.
While the plaintiff alleges both misrepresentations and warranties in a single cause of action, it is clear that no viable cause of action for fraudulent misrepresentation is made out. CPLR 3016 (subd [b]) requires circumstances relating to mispresentation be stated in detail. Nowhere is there any claim that any factual misrepresentation was made by the defendants with knowledge of its falsity. Scienter, reliance by plaintiff and intent to deceive must be alleged to state a cause of action for fraud. (Lanzi v Brooks, 54 AD2d 1057, affd 43 NY2d 778; Blackman v Empire Trust Co., 3 AD2d 755; 24 NY Jur, Fraud and Deceit, § 114.) Plaintiff’s attorney, in fact, contends that he is not alleging fraudulent misrepresentation.
The liability on the complaint, then, must rest upon the alleged breach of warranty. It is the defendants’ contention that the claimed breach of warranty is completely refuted by the documentary evidence, warranting dismissal pursuant to *3 CPLR 3211 (subd [a], par 1). The dealer’s bill of sale expressly disclaims all warranties except those offered by the manufacturer. A booklet put out by the manufacturer sets forth the warranties in detail. Nowhere is there any representation or warranty as to the gas mileage.
The bill of sale does have annexed to it an "EPA Fuel Economy Rating” bearing the seal of the United States Department of Engery that states, "Estimated MPG for Comparisions 15.” It further states, "The estimated mileage for this model, 15, is to be used to compare cars of this model with other cars. Your own mileage may be poorer depending upon options, driving conditions, your driving habits and your car’s operating condition.” It is then stated, "The estimated MPG numbers for other similar sized cars ranges from 14 to 18 MPG (as of 09-07-79).” At the bottom of the box containing the fuel economy rating it states, "Ask the dealer for Free 1980 Gas Mileage Guide to compare estimated mpg of other cars. It will tell you how to use these numbers.” It is quite clear that this fuel ecomony rating, and the statements about EPA ratings as to estimated MPG appearing in national advertising do not, in any sense, constitute a warranty by the manufacturer that these EPA mileage figures are guaranteed. The rating is not one by the manufacturer itself, but rather is a statement by an agency of the United States Government based upon their testing of various models under controlled experimental conditions so that comparative figures can be arrived at. The defendants do not project the Environmental Protection Agency’s figures as their own, but they do publicize them, with sufficient disclaimers to indicate that the EPA’s rating is an estimate and that the mileage of any individual car may well vary from that rating or estimate depending upon uncontrolled conditions of actual usage.
As this court previously stated in another action in Schumann v 250 Tenants Corp. (65 Misc 2d 253, 259), "While setting forth estimates * * * they have taken pains to disabuse anyone of the notion that the figures given represent a hard and fast commitment. These are estimates, and they are clearly labeled as such, since no firm factual figures as to the future could be set forth * * * Clearly, the projections which are required for the future can be nothing more than educated estimates * * * and not a warranty”.
Even if the fuel economy rating were deemed to be subject to a disclaimer, it is in "writing and conspicuous” (Uniform *4 Commercial Code, § 2-316). It is written so that a reasonable person ought to have noticed its terms and import (Uniform Commercial Code, § 1-201, subd [10]). The disclaimer of warranty on the bill of sale is the only printed paragraph on the page, set off in a separate box with the purchaser’s signature affixed directly below. Clearly, the disclaimer calls attention to itself. (Zicari v Harris Co., 33 AD2d 17.)
While plaintiff may have experienced frustration and disappointment when his MPG did not work out as economically as the EPA gas mileage estimates and the accompanying advertisements which featured it conspicuously, he was fully apprised that these figures represented limited expectations and that so far as providing a basis for a lawsuit are concerned, they are "not worth a Continental”.
Motion for summary judgment granted.