OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, the first and second causes of action dismissed, and the question certified answered in the affirmative.
Defendant’s motion to dismiss the first and second causes of action on the Statute of Frauds defense should have been granted. Plaintiff’s argument that the Statute of Frauds defense must be deemed defeated because defendant admitted the existence of an oral contract is without merit. Defendant’s concession that, for purposes of the motion to dismiss, the facts asserted in the complaint must be accepted as true, was not, as plaintiff asserts, an affirmative admission sufficient to defeat the Statute of Frauds, but was merely defendant’s recognition of the procedural context in which the motion arose. Moreover, if *619 this case were to be decided under the statute relied upon by the dissenter in this court, we would note that that statute (Uniform Commercial Code, § 8-319, subd [d]) requires an affirmative admission that a contract was made for the sale of a stated quantity of described securities at a defined or stated price. The purported admission in this case has none of the requisite certainty, and therefore is not sufficient to defeat defendant’s motion to dismiss. Nor does anything in the Uniform Commercial Code provision suggest that a CPLR 3211 motion to dismiss on Statute of Frauds grounds may not be entertained until there has been an opportunity for an admission concerning the claimed oral agreement. In some instances an examination before trial could be had before the motion to dismiss is made or the motion could be held in abeyance until the plaintiff has had an opportunity to depose the defendant.
Finally, we note that plaintiff has failed to state a fraud cause of action inasmuch as a present intent not to carry out the promise of future action is not alleged (Lanzi v Brooks, 43 NY2d 778).