■ WILLIAM GROSSBERG, Plaintiff, v RENEE GROSSBERG, Defendant. (Action No. 1.) RENEE GROSSBERG, Appellant, v WILLIAM GROSSBERG et al., Respondents. (Action No. 2.) — In an action to recover moneys allegedly due on promissory notes, plaintiff in action No. 2 appeals from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated May 26, 1983, as denied that branch of her motion which sought to dismiss defendants' affirmative defenses of fraud in the inducement.

Order reversed, insofar as appealed from, on the law, with costs, and that branch of the motion noted above granted.

After divorce proceedings were instituted against her (action No. 1), appellant herein commenced this action (action No. 2) to recover from defendant husband and his company the respective sums of $72,226.10 and $10,226.70, representing moneys due on promissory notes they had executed. In their answer, defendants in action No. 2 did not deny executing the notes or receiving the money, but rather interposed affirmative defenses, *inter alia,* of

fraud in the inducement, based upon the allegedly fraudulent representations by appellant that "she would never sue on the notes during the [individual] defendant's lifetime but would only sue his estate".

Thereafter, appellant moved for an order, *inter alia,* dismissing these defenses and granting her partial summary judgment; in her papers she contended, among other things, that proof of any alleged oral promise would be barred by the Statute of Frauds. Concluding that the alleged fraudulent promise raised a triable issue of fact and was not barred by the Statute of Frauds, Special Term, *inter alia,* denied so much of plaintiff's motion as sought to dismiss the affirmative defenses of fraud in the inducement. We reverse.

Preliminarily, it bears noting that although Special Term and the parties talked in terms of the Statute of Frauds, in this situation where defendants attempt to modify the terms of written instruments with allegations of an oral promise, the applicable principle of law is more precisely the parol evidence rule. This rule would preclude evidence of any alleged oral agreement where no ambiguities arise on the face of the instruments (see *Aratari v Chrysler Corp.,* 35 AD2d 1077). Defendants' answer denies neither the validity of the notes nor the due dates as alleged in the complaint. Consequently, any potential issue of ambiguity has not been raised, and parol evidence cannot be considered.

Furthermore, as to any contention of fraud, it is well settled that an allegation of fraud, based upon a statement of future intention, as here, must allege facts to show that the party, at the time the promissory representation was made, never intended to honor or act on her statements (see *Boylan v Morrow Co.,* 63 NY2d 616; *Lanzi v Brooks,* 54 AD2d 1057, affd 43 NY2d 778, mot to amend remittitur granted 43 NY2d 947). At bar, the defendant husband concedes in his opposing affidavit that "[m]y wife's lawsuit for payment on 'notes' is really part and parcel of our matrimonial action" and that her prior "representations * * * have *now* turned out to be false" (emphasis supplied). Under these circumstances, defendants have not made out any case of fraud, and it was error for Special Term to deny that branch of appellant's motion which sought dismissal of the affirmative defenses of fraud in the inducement. Titone, J. P., Lazer, Mangano and O'Connor, JJ., concur.