■ ELIJAH POPE et al., Respondents, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant.—In an action to recover damages based upon defendant's alleged breach of an insurance contract with plaintiffs and "wanton willful and malicious fraud", defendant appeals from an order of the Supreme Court, Kings County (Morton, J.), dated October 1, 1984, which denied its motion to dismiss the complaint for failure to state a cause of action, without prejudice to renewal upon the completion of discovery.

Order modified, on the law, by deleting the provision thereof which denied defendant's motion to dismiss the complaint in

its entirety and substituting therefor a provision dismissing the second cause of action and striking plaintiffs' demands for damages beyond the $50,000 policy limit plus interest predicated upon willful breach of contract, severing those portions of the verified complaint as are dismissed or stricken, and otherwise denying defendant's motion (see, *Martirano Constr. Corp. v Briar Constr. Corp.*, 104 AD2d 1028). As so modified, order affirmed, with costs to defendant.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), all factual allegations advanced by a plaintiff are accepted as true without passing upon the plaintiff's ultimate ability to establish the truth of his averments before the trier of facts (*219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 509). It bears noting, however, that "[w]hile liberality in pleading may be acceptable, it should not be carried to the point where a defendant must either invoke pretrial procedures to ascertain what a plaintiff is claiming so that a response may be drawn, or to await the trial and rulings thereat by a Trial Justice as to what the pleading means" (*Untermeyer v Myriad Investors Corp.*, 43 AD2d 525).

At bar, the complaint sets forth the existence of a valid, written contract of insurance between the parties, the fact that the insured premises were destroyed by fire caused by noncriminal means, plaintiff's giving timely notice of loss to defendant and defendant's refusal to honor its contractual obligation to pay the face amount of the policy. Without passing upon plaintiffs' ultimate ability to prevail at trial, we conclude that the complaint adequately sets forth a cause of action to recover damages for breach of contract as to the policy amount plus interest. However, to the extent that the first cause of action seeks punitive and other damages beyond the policy limit plus interest, plaintiffs have failed to state a basis for such relief (see, *Samovar of Russia Jewelry Antique Corp. v Generali, Gen. Ins. Co.*, 102 AD2d 279).

With respect to plaintiffs' second cause of action, it is well settled that an allegation of fraud based upon a statement of future intention must allege facts sufficient to show that the party, at the time the promissory representation was made, never intended to honor or act on those statements (see, *Boylan v Morrow Co.*, 63 NY2d 616, 619; *Lanzi v Brooks*, 54 AD2d 1057, 1058, *affd* 43 NY2d 778, *mot to amend remittitur granted* 43 NY2d 947; *Grossberg v Grossberg*, 104 AD2d 439, 440). The complaint is totally devoid of any such allegations. Moreover, plaintiffs' vague and conclusory allegations fail to satisfy the particularity requirements of CPLR 3016 (b).

Accordingly, it was error for Special Term to have denied defendant's motion to dismiss the complaint for failure to state a cause of action except for that portion of plaintiffs' first cause of action which sought damages based on the policy limit of the insurance contract plus interest. Brown, J. P., O'Connor, Weinstein and Rubin, JJ., concur.