■ LEROY H. SCHEIDELMAN et al., Respondents-Appellants, v ROBERT CASTLE et al., Appellants-Respondents.—Order unanimously modified, on the law, without costs, and, as modified, affirmed, in accordance with the following memorandum: Defendants appeal from so much of the order at Special Term as denied their motion pursuant to CPLR 3212 (e) for partial summary judgment with respect to plaintiffs' first, second, third and seventh causes of action. Plaintiffs cross-appeal from so much of the order as granted defendants' motion with respect to the fourth, fifth and sixth causes of action.

Defendants, when they purchased three shopping centers from plaintiffs on October 2, 1969, gave back mortgage notes for the balance of the total purchase price secured by two mortgages covering the three properties. The mortgages contain, among other things, standard assignment of rental clauses permitting the mortgagees, in the event of default, to enter the premises and collect the rents. It is undisputed that, at various times, defendants defaulted under the notes and mortgages and that they were in default in the summer of 1977. On September 13, 1977 the parties entered into a written agreement under which plaintiffs agreed to forbear from commencing foreclosure and from pursuing their rights to an assignment of the rents and to the appointment of a receiver. In return, defendants agreed to deposit all of the rents in a special escrow account from which withdrawals were restricted to specified payments to plaintiffs and to payments for necessary expenses of the shopping center. Defendants also agreed to provide plaintiffs with periodic financial reports. Paragraph 7 of the agreement contains the following provision exempting defendants from personal liability: "7. Liability of Buyers. This agreement does not impose a personal liability on the Buyers, and in any action brought on this agreement and the notes involved, no deficiency or other judgments shall be sought or obtained against the Buyers." Defendants failed to perform as promised in the September 13, 1977 agreement, and plaintiffs, accordingly, commenced foreclosure proceedings which ultimately resulted in a foreclo-

sure sale of the properties for sums less than the balances remaining due on the mortgage notes. In the instant action, based on defendants' default under the September 13, 1977 agreement, plaintiffs seek under various theories a money judgment against defendants personally.

Defendants' motion for summary judgment dismissing the first seven causes of action of the complaint is based on the provision of the agreement exempting them from personal liability (para 7) which, they assert, is a complete bar to any judgment based on a breach of their obligations under the contract. We agree. We see no ambiguity in paragraph 7, and it must be enforced in accordance with its plain meaning (22 NY Jur 2d, Contracts, §§ 188, 189, at 22-24). Thus, defendants are entitled to a dismissal of the first two causes of action for breach of the September 13, 1977 agreement. The third cause of action, although labeled as one for "money had and received", seeks recovery for sums allegedly due "pursuant to the September agreement". It is, therefore, also barred by paragraph 7 as is the fourth cause of action, which seeks an accounting for sums misapplied under the agreement, and the fifth cause of action, brought to enforce an express trust assertedly arising from the terms of the agreement. The order is, therefore, modified to provide also for dismissal of the first three causes of action.

The sixth cause of action for a constructive trust, however, is not based on an alleged breach of the September 13, 1977 agreement but assertedly arises by operation of law from the conduct of defendants in inducing plaintiffs to enter into the agreement and to forbear from pursuing their remedies under the mortgage instruments (see, Parsa v State of New York, 64 NY2d 143, 148). We find in plaintiffs' affidavits sufficient evidence of a trust relationship, of false promises and misrepresentations upon which plaintiffs assertedly relied and of a transfer of rentals to defendants which, but for plaintiffs' reliance, would have been received by plaintiffs. We observe that because of the bar of paragraph 7 to any legal remedy against defendants under the September 13, 1977 agreement, defendants would be unjustly enriched if plaintiffs could not resort to the equitable remedy of constructive trust (see, Sharp v Kosmalski, 40 NY2d 119, 121). Accordingly, the order is further modified to deny defendants' motion with respect to the sixth cause of action.

Likewise, the seventh cause of action for damages based on common-law fraud does not arise from an alleged breach of the September 13, 1977 agreement but from the false and

fraudulent misstatements of defendants upon which plaintiffs relied in entering into the agreement and in continuing to forbear from pursuing their rights under the mortgage instruments *(see, Cayuga Harvester v Allis-Chalmers Corp.,* 95 AD2d 5, 22-23). The allegations of fraud are sufficient *(see, Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778, *mot to amend remittitur granted* 43 NY2d 947), and the record presents sufficient factual proof to warrant denial of defendants' motion of summary judgment with respect to the seventh cause of action. (Appeals from order of Supreme Court, Oneida County, Grow, J.—summary judgment.) Present—Dillon, P. J., Hancock, Jr., Doerr, Green and Schnepp, JJ.