■ PAUL R. LANG, Plaintiff, v WILLIAM WARNER et al., Defendants, and WILLIAM WARNER et al., Third-Party Plaintiffs-Respondents. STANDARD BRANDS, INC., Third-Party Defendants-Appellants.—In an action for indemnification and to recover damages for fraud, the third-party defendants appeal from an order of the Supreme Court, Nassau County (Balletta, J.), dated August 30, 1985 which denied their motion for summary judgment dismissing the third-party complaint.

Order reversed, on the law, with costs, motion granted, and third-party complaint dismissed.

When no facts establishing a cause of action are alleged or proved, summary judgment may be properly granted to a defendant *(Barr v County of Albany,* 50 NY2d 247; *Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276). Although the third-party complaint alleged a present intent not to carry out the promise of future action, the affidavits and supporting papers did not contain any factual assertions from which this conclusion can be drawn, and thus failed to state a cause of action sounding in fraud based on misrepresentation of future intentions *(see, Boylan v Morrow Co.,* 63 NY2d 616; *Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778; *Grossberg v Grossberg,* 104 AD2d 439, 440).

Summary judgment was also improperly denied on the claim for indemnification. On the facts of this case, either the defendants third-party plaintiffs were actual wrongdoers, barring an indemnification claim on their part *(see, e.g., County of Westchester v Becket Assoc.,* 102 AD2d 34, 47, *affd* 66 NY2d 642) or they did not defame the plaintiff in the main action, and would, therefore, not be liable to him.

Although the trial court did not reach the question of whether the defendants third-party plaintiffs were entitled to contribution, we conclude that they are not. There was no duty alleged in the defendants third-party plaintiffs' papers that would support the claim for contribution *(see, Garrett v Holiday Inns,* 58 NY2d 253; *Pulka v Edelman,* 40 NY2d 781). Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.