■ ANDREW D. STRUPP, Respondent, v HERITAGE MUTUAL INSURANCE COMPANY et al., Appellants, et al., Defendant.—In an action to recover damages for the alleged breach of an insurance contract and for fraud, the defendants Heritage Mutual Insurance Company (hereinafter Heritage), GAB Business Services, Inc. and George E. Smith appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered January 24, 1986, which denied Heritage's motion to dismiss the complaint insofar as it is asserted against it.

Ordered that the appeals by the defendants GAB Business Services, Inc. and George E. Smith are dismissed, as those defendants were not aggrieved by the order appealed from (see, CPLR 5511); and it is further,

Ordered that on the appeal by Heritage, the order is re-

versed, on the law, the motion is granted, the complaint is dismissed insofar as it is asserted against Heritage, and the action against the remaining defendants is severed; and it is further,

Ordered that the defendant Heritage is awarded one bill of costs, payable by the plaintiff.

The plaintiff owned property that was insured against fire loss by Heritage. On December 11, 1981, approximately one month after the insured premises were damaged by fire, the plaintiff filed a sworn proof of loss in which he claimed $50,995.39, which sum has been paid. In addition, the plaintiff filed a statement as to the full cost of repair or replacement under the "Replacement Cost Coverage" provision of the policy, in which the plaintiff acknowledged that a supplemental claim under that provision had to be filed within 180 days from November 8, 1981, the date of loss shown on the statement. The policy contained a clause requiring any action or suit on the policy be commenced within 24 months after inception of the loss.

The plaintiff failed to submit documentation in support of his supplemental claim for $6,381.08 until May 1984. Heritage declined to pay that claim on the ground that the 180-day time limit for making the claim had long since expired. In or about November 1985 the plaintiff commenced the instant action. The complaint alleged that although Heritage had represented that it would pay $56,000 in full satisfaction of the claim, it in fact never intended to pay that amount, and that Heritage's representations were designed to induce the plaintiff to "accept a compromise figure well below the insurance policy limits".

Heritage moved to dismiss the complaint insofar as it is asserted against it on the ground that the plaintiff failed to commence the action within the two years following the loss. In opposition, the plaintiff argued that Heritage was equitably estopped from raising the bar of this period of limitation because its fraudulent representations that the claim would ultimately be paid caused him to forebear from commencing an action. In addition, the plaintiff argued that the complaint also alleged a cause of action sounding in fraud separate from a cause of action under the policy. In an affidavit, the plaintiff averred that several days before the expiration of the 180-day period in which to file a supplemental claim under the replacement cost provision, his public adjuster, the defendant Gary Haber, "assured" him that an extension of unstated

length in which to file the supplemental claim had been received from an employee of Heritage's claims contractor.

Even accepting, for the purposes of this appeal, the truth of the plaintiff's claim that Heritage, through its representative, had agreed to extend the time in which the supplemental claim could be filed, the plaintiff nowhere contends that he was misled into believing that the two-year period in which to commence an action under the policy had been extended or waived. Therefore, because the plaintiff has not alleged that he failed to timely commence the action as a result of his justifiable reliance on any misrepresentation by the defendant Heritage *(see, Simcuski v Saeli,* 44 NY2d 442, 448-449), it cannot be said that Heritage should be equitably estopped from raising the bar of the period of the limitation as a defense to the action.

Moreover, it is well settled that an allegation of fraud based upon a statement of future intention, here that Heritage would accept the supplemental claim filed after the contractual time limit for doing so had passed, must be sufficient to show that the party, at the time the promissory representation was made, never intended to honor that representation *(see, Boylan v Morrow Co.,* 63 NY2d 616, 619; *Lanzi v Brooks,* 54 AD2d 1057, 1058, *affd* 43 NY2d 778, *mot to amend remittitur granted* 43 NY2d 947; *Pope v New York Prop. Ins. Underwriting Assn.,* 112 AD2d 984, *affd* 66 NY2d 857). Here, not only are the plaintiff's vague and conclusory allegations of misrepresentation and reliance insufficient to withstand the motion to dismiss; they fail to satisfy the particularity requirements of CPLR 3016 (b) *(see, Lanzi v Brooks,* 43 NY2d 778, 780, *supra).*

Accordingly, the Supreme Court erred in denying Heritage's motion to dismiss the complaint as against it for failure to commence the action within the period set forth in the policy of insurance. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.