SECOND DEPARTMENT, SEPTEMBER, 1989

(September 11, 1989)

■ WILLIAM ABELMAN et al., Appellants, v SHORATLANTIC DEVELOPMENT CO., INC., et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal (1) from an order and judgment (one paper) of the Supreme Court, Nassau County (DiNoto, J.), dated August 12, 1988, which, upon granting the motion of the defendant Fidelity New York FSB to dismiss the amended complaint insofar as it is asserted against it and upon granting those branches of the motions of the remaining defendants which were to dismiss the sixth cause of action of the complaint alleging fraud, is in favor of the defendant Fidelity New York FSB and against them and dismisses the sixth cause of action against all defendants, and (2) from an order to the same

court, dated September 28, 1988, which denied the plaintiffs' motion for reargument.

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the respondents appearing separately and filing separate briefs, are awarded one bill of costs.

The court properly dismissed the sixth cause of action in the amended complaint alleging fraud against the defendants. The plaintiffs alleged that the defendants had perpetrated a fraud upon them by their failure to adhere to the plans and specifications detailed in the prospectuses and offering plans tendered in connection with the sale by the defendants of their homes.

In the case of *Pope v New York Prop. Ins. Underwriting Assn.* (112 AD2d 984, 985), we recently wrote: "[I]t is well settled that an allegation of fraud based upon a statement of future intention must allege facts sufficient to show that the party, at the time the promissory representation was made, never intended to honor or act on those statements *(see, Boylan v Morrow Co.,* 63 NY2d 616, 619; *Lanzi v Brooks,* 54 AD2d 1057, 1058, *affd* 43 NY2d 778, *mot to amend remittitur granted* 43 NY2d 947; *Grossberg v Grossberg,* 104 AD2d 439, 440)".

Any inference drawn from the fact that the expectation of performance was not realized is insufficient to sustain a plaintiff's burden of showing that a defendant falsely stated his intentions *(see, Lanzi v Brooks,* 54 AD2d 1057, 1058, *affd* 43 NY2d 778, *supra).* Since, in the instant case, the amended complaint was totally devoid of factual allegations that the defendants knew, at the time the statements were uttered, that they were false, and that at that time the defendants had the then present intent to deceive, the cause of action to recover damages for fraud cannot stand. We note the plaintiffs' argument that the Supreme Court should have granted them leave to replead the fraud cause of action. However, the plaintiffs did not, in opposition to the motions to dismiss, comply with the statutory mandate that they set forth and support a request for such relief (CPLR 3211 [e]; *see, Bardere v Zafir,* 63 NY2d 850; *Fleet Factors Corp. v Werblin,* 138 AD2d 565, 567). Moreover, although the plaintiffs included a generalized request for leave to replead on their motion to reargue,

that request and the implicit denial thereof are not properly before us (cf., *Kartiganer Assocs. v Town of New Windsor,* 132 AD2d 527).

Nor did the court err in its dismissal of the amended complaint in its entirety against the defendant Fidelity New York FSB since the complaint against it was couched in the most conclusory terms: "6. Upon information and belief, defendant, Fidelity FSB is a corporation doing business in New York, which dominated and controlled Shoratlantic in all of the conduct of Shoratlantic referred to herein and for which Shoratlantic acted as an alter ego". Mere conclusory statements that an entity is an "alter ego" of a corporation are insufficient to sustain a cause of action against it (see, *Cusumano v Iota Indus.,* 100 AD2d 892, 893). We have considered the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Harwood and Balletta, JJ., concur.

Rubin, J., concurs in part and dissents in part and votes to affirm the order and judgment, without prejudice to the right of the plaintiffs, if they be so advised, to apply to the Supreme Court, Nassau County, for leave to serve an amended complaint against all the defendants, except Fidelity New York FSB. I agree with my learned brethren that the Supreme Court properly dismissed the amended complaint in its entirety against the defendant Fidelity New York FSB and that the sixth cause of action in the amended complaint as it now stands does not state a cause of action against the defendants to recover damages for fraud. Nonetheless, if there are evidentiary facts which would warrant recovery under the applicable principles of law, the plaintiffs should be afforded an opportunity to demonstrate their right to relief, albeit they failed to request leave to replead in their opposition papers (see, *Sanders v Schiffer,* 39 NY2d 727, 729). Accordingly, the affirmance of the order and judgment should be without prejudice to the right of the plaintiffs, if they be so advised, to apply to the Supreme Court for leave to serve a further amended complaint against all the defendants, except the defendant Fidelity New York FSB. On such an application, if any, a copy of the proposed further amended complaint should be submitted to the court, accompanied by disclosure of evidentiary facts which would support the cause of action to recover damages for fraud set forth in the proposed further amended complaint and would justify the granting of leave to replead (CPLR 3211 [e]).