In re Arthur GREEN, Debtor.

In re HUDSON LOFT INVESTORS
CORP., Debtor.

In re HUDSON RONDOUT
CORP., Debtor.

UNITED ORIENT BANK and
Mee Yin, Ltd., Plaintiffs,

v.

Arthur GREEN, Defendant/Third
Party Plaintiff,

v.

BACHNER, TALLY, POLEVOY
& MISHER, L.L.P., Third–
Party Defendant.

Nos. 93 B 46174(PBA), 93 B 46175(PBA),
94 B 41813(PBA), and 96 Civ.
3115(LAK).

United States District Court,
S.D. New York.

May 1, 1997.

Jeffrey A. Donner, Shain, Schaffer & Rafa-
nello, Bernardsville, NJ, for Defen-
dant/Third–Party Plaintiff.

Ariel Michael Furman, Wilson, Elser, Mos-
kowitz, Edelman & Dicker, New York City,
for Third–Party Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

By order dated September 20, 1996, this
Court withdrew the reference with respect to
Adversary Proceeding No. 94–8255A in order
to protect the right of third-party defendant
Bachner, Tally to a jury trial on the third
party complaint. Now before the Court are
Bachner, Tally's motion for judgment on the
pleadings dismissing the third party com-
plaint and the debtor's motion, which is
styled as one to join all issues arising from
Bachner, Tally's denial of any debt to plain-
tiffs with existing issues in this action.

■ 1. The complaint in the adversary proceeding seeks a determination that Arthur Green, the debtor, defrauded the plaintiffs in connection with real estate transactions referred to in the Court's prior decision and that the debt thus arising is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and 523(a)(4). The amended third party complaint asserts that Green is entitled to be indemnified by Bachner, Tally for any liability he may have to the plaintiffs because he relied upon its legal advice in the transactions in question. It relies on theories of legal malpractice and breach of fiduciary duty.

■ As Green acknowledges, New York law prohibits indemnity for one's own intentional tort. *E.g., Globus v. Law Research Service, Inc.,* 418 F.2d 1276 (2d Cir.1969), *cert. denied,* 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970); *Lang v. Warner,* 121 A.D.2d 514, 504 N.Y.S.2d 18, 19 (2d Dept. 1986). In consequence, third party claims for indemnification routinely are dismissed where the defendant/third-party plaintiff may be liable on the primary complaint only if he or she is an intentional wrongdoer. The question, then, is whether the plaintiffs can prevail on the fraud claims in the first party complaint absent a determination that Green was an intentional wrongdoer and thus barred from claiming indemnification.

Section 523(a) of the Bankruptcy Code provides in relevant part:

"A discharge ... does not discharge an individual debtor from any debt -

"(2) for money, property, [or] services ... to the extent obtained by -

"(A) false pretenses, a false representation, or actual fraud.

\*   \*   \*   \*   \*   \*

"(4) for fraud or defalcation while acting in a fiduciary capacity ..."

In order to render a debt nondischargeable under either section, the debtor must have committed actual fraud. *E.g., Neal v. Clark,* 95 U.S. 704, 24 L.Ed. 586 (1877) (antecedents under bankrupt law of 1867 of § 523(a)(2) and (a)(4)); *Carini v. Matera,* 592 F.2d 378, 380 (7th Cir.1979) (§ 523(a)(2)); *Matter of McMillan,* 579 F.2d 289, 292 (3d Cir.1978)

(same); *In re Waltrip,* 139 B.R. 492, 496 (N.D.Cal.1991) (same), *aff'd mem. sub nom. Tobkin v. Waltrip,* 985 F.2d 574 (9th Cir. 1993); *In re Littleton,* 942 F.2d 551, 555 (9th Cir.1991) (§ 523(a)(4)); *In re Moran,* 107 B.R. 359, 361 (Bankr.M.D.Fla.1989) (same); 4 LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶¶ 523.08[1][e], 523.08[2][a][ii], 523.10[1][a] (15th ed.1997). Hence, if plaintiffs prevail on the first party complaint, Green will be precluded from obtaining indemnity on his third party complaint.

■ Green admits substantially all of the foregoing. He rests his case instead on the assertion that plaintiffs have claims against him that do not require proof of fraud and that he might be entitled to contribution or indemnity were they to prevail on such claims. The difficulty with the argument is that no such claims have been asserted in the first party complaint. While it may well be that plaintiffs have filed proofs of claim in the bankruptcy that are broader than the first party complaint, Rule 14 permits the assertion of a third-party complaint only with respect to claims arising out of the first party complaint. In other words, Rule 14 permits the assertion only of third-party claims that are derivative of the first-party complaint. *E.g, Kenneth Leventhal & Co. v. Joyner Wholesale Co.,* 736 F.2d 29, 31–32 (2d Cir. 1984); *LNC Inv., Inc. v. First Fidelity Bank, N.A.,* 935 F.Supp. 1333, 1338 (S.D.N.Y.1996). In consequence, Green may not rely upon the proofs of claim in seeking to sustain his third-party complaint.

2. Green advances no persuasive reason for the Court to assume jurisdiction over issues raised by the plaintiffs' proofs of claim against the bankrupt estates, which are core matters. In view of the dismissal of the third-party complaint, there plainly is no reason to do so.

3. The sole reason for withdrawal of the reference with respect to the adversary proceeding was to protect Bachner, Tally's jury trial right. Given the dismissal of the third-party complaint, what remains of the adversary proceeding will be referred to the Bankruptcy Court.

In sum, the motion of third-party defendant Bachner, Tally for judgment on the pleadings dismissing the third-party complaint is granted in all respects. The motion of defendant Arthur Green, dated October 10, 1996, to join all issues arising from defendant/third party plaintiffs denial of any debt to plaintiffs with existing issues in this action is denied in all respects. Adversary Proceeding No. 94–8255A is referred to the Bankruptcy Court for the Southern District of New York. The Clerk is directed to close this case.

SO ORDERED.