■ CAROL GONGOLEWSKI, Appellant, v TRAVELERS INSURANCE COMPANY, Respondent, et al., Defendants. [675 NYS2d 299] —In an action, *inter alia,* to recover the proceeds of a homeowner's insurance policy, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated September 29, 1997, which granted the motion of the defendant Travelers Insurance Company for summary judgment dismissing the complaint insofar as asserted against it.

■ CAROL GONGOLEWSKI, Appellant, v TRAVELERS INSURANCE COMPANY, Respondent. [675 NYS2d 299] —In an action to recover the proceeds of a homeowner's insurance policy, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated September 29, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant established prima facie that the action was barred by the two-year Statute of Limitations contained in the

insurance policy issued to the plaintiff (*see, Costello v Allstate Ins. Co.,* 230 AD2d 763; *see also, Proc v Home Ins. Co.,* 17 NY2d 239). The plaintiff does not dispute that the action was commenced after the Statute of Limitations expired but contends that the defendant should be estopped from invoking that defense.

The complaint was properly dismissed as untimely. The plaintiff's mere allegation that she was orally assured that her claim would be paid was insufficient to raise a triable issue of fact. Settlement negotiations between an insured and an insurance carrier, standing alone, will not establish estoppel (*see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *see also, Blitman Constr. Corp. v Insurance Co.,* 66 NY2d 820). Moreover, the defendant presented evidence that it informed the plaintiff that the Statute of Limitations would not be extended, and the plaintiff failed to show that she was misled into believing otherwise (*see, Strupp v Heritage Mut. Ins. Co.,* 143 AD2d 433). Rosenblatt, J. P., O'Brien, Krausman and Goldstein, JJ., concur.