WILLIAM BROWN, Appellant, *v.* SEBASTIAN LO GRASSO and FRANK LO GRASSO, Respondents.

Fourth Department, October 18, 1922.

Pendency of action — action pending against one partner not bar to action for same cause against both partners — contracts — action for damages for refusal to accept milk according to contract — plaintiff not retail milk dealer, hence not obliged to have farm "scored"— no error to exclude evidence of inspection and "scoring" of plaintiff's farm made after rejection of milk by defendants — Justice's Court — slight errors in Justice's Court not affecting merits disregarded in appellate court.

The pendency of an action against one of two partners is not a bar to an action for the same cause against both partners as it is only where an action is for the same cause and is between the same parties that it will bar a subsequent action.

In an action to recover damages for refusing to accept plaintiff's milk pursuant to a contract providing for the delivery of the milk in good condition on a stand, to be taken thence by the defendants to their cheese factory, wherein there was evidence that it was so delivered in good condition, it was no defense that the plaintiff's farm was not "scored," as the plaintiff was not a retail milk dealer and was, therefore, not obliged to have his farm "scored;" and it was not error to exclude evidence of an inspection and "scoring" made a month after the rejection of the milk.

Slight errors in the trial of causes in Justice's Court which do not affect the merits should be disregarded by an appellate court.

APPEAL by the plaintiff, William Brown, from a judgment of the County Court of the county of Erie, entered in the office of the clerk of said county on the 13th day of March, 1922, reversing a judgment of a Justice's Court, and also from the order of said County Court pursuant to which the judgment was entered.

*Ernest F. Kruse*, for the appellant.

*Hull & Hammond* [*Clark H. Hammond* of counsel], for the respondents.

CLARK, J.:

This action was brought for damages caused by defendants' refusal to accept plaintiff's milk for the month of January, 1921, which they had purchased under a contract. Defendants are copartners, and on the 8th day of March, 1920, they entered into an agreement in writing with plaintiff by the terms of which defendants purchased the milk produced on plaintiff's farm for the year beginning April 1, 1920, and ending on the 1st day of April, 1921.

The contract provided that plaintiff was to deliver the milk in good condition on a stand, to be taken thence by defendants to their cheese factory.

Defendants took and paid for plaintiff's milk from April 1, 1920, up to and including November thirtieth of that year, when they closed their cheese factory, and then they had their driver take the milk for December, 1920, to the Queen City Dairy Company for sale in Buffalo.

The milk for January, 1921, was refused, and plaintiff brought this action for damages because of such refusal. The action was brought in Justice's Court of the town of Brant, Erie county, and plaintiff had judgment, which was reversed on appeal in the Erie County Court, and a new trial ordered before another justice. From that order plaintiff appeals.

It appears that before the present action was begun plaintiff had brought another action against one of the defendants on this same matter, and when the summons in the present case was returnable defendants moved to dismiss this action on the ground that there was another action pending. The motion was denied, and defendants urge that the justice erred in refusing to grant that motion. The county judge on appeal to that court did not pass on the question.

We think the justice of the peace did not err in denying defendants' motion. While the first action had not been withdrawn when the present action was begun, it was not against the same parties as the present action, only one of these defendants being a party in the former action.

It is only when an action is for the same cause and is between the same parties that it will bar a subsequent action. (Code Civ. Proc. § 488; Justice Court Act, § 132.)

The contract between the parties provided that the milk was to be delivered in good condition, and there was evidence that it was delivered in good condition.

Defendants urge that plaintiff's farm was not " scored," and that the justice erred in excluding the score card offered by defendants.

Plaintiff did not produce milk to be sold at retail, and was not a retail dealer, and was, therefore, not obliged to have his farm " scored." (State Sanitary Code, chap. 3, reg. 4 *et seq.*)

After the Queen City Dairy Company began to take plaintiff's milk from defendants the Buffalo city authorities " scored " plaintiff's farm, but this was long after the January milk had been rejected, and we think the justice did not err in excluding evidence of an inspection and " scoring " of plaintiff's farm which took place a month after plaintiff's milk had been rejected.

Errors in a trial of causes in Justice's Court are to be expected, for ordinarily justices of the peace are not lawyers, and are not

familiar with the rules of evidence, but where the errors are slight and do not affect the merits, they should be disregarded by the appellate court. (Justice Court Act, § 451.)

We do not think that any errors were committed in the Justice's Court which affected the merits of this controversy.

If defendants had taken plaintiff's milk for the entire year, as they had contracted to do, there would have been no difficulty. They took it for eight months of the time agreed upon, then closed their cheese factory and themselves undertook to turn the product over to retail milk dealers, and that proceeding was not within the scope of their contract with plaintiff.

It being our conclusion that no errors were committed in Justice's Court which affected the merits, the judgment and order of the County Court should be reversed and the judgment of the Justice's Court affirmed, with costs.

All concur; SEARS, J., not sitting.

Judgment and order of Erie County Court reversed and judgment of Justice's Court affirmed, with costs in this court and in the County Court to the plaintiff.