■ JOSEPH MANNARI, Respondent, v TRINITY 21 CORP. et al., Appellants. —In an action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Kings County, dated June 29, 1979, which denied their motion to dismiss plaintiff's complaint. Order modified by deleting from the first decretal paragraph thereof the words "in each and every respect" and substituting therefor the following: "without prejudice to defendant Urban Management Company moving at Trial Term to dismiss the complaint under its affirmative defense of a prior action pending between it and plaintiff." As so modified, order affirmed, without costs or disbursements. In view of the fact that defendants had interposed an affirmative defense in their answer seeking dismissal of the complaint because of a prior action pending between the parties in the Civil Court of the City of New York, they should not have submitted a supplemental affirmation requesting the same relief in their motion before Special Term to dismiss the complaint for failure to diligently prosecute the action pursuant to CPLR 3216. (See CPLR 3211, subd [e], which affords a party an option either of moving to dismiss an action, *inter alia,* because of the pendency of a prior action between the parties, before the service of a responsive pleading, or in the alternative, of raising such issue in a responsive pleading.) Moreover, Trinity 21 Corporation was never served with a summons and complaint in the Civil Court action. Thus, it has no standing to assert any claim for dismissal of this complaint based on the pendency of the prior action (see *Louis R. Shapiro, Inc. v Milspemes Corp.,* 20 AD2d 857).

However, defendant Urban Management Company both received a summons and complaint in the Civil Court action, and also interposed a viable affirmative defense in this Supreme Court action seeking dismissal of the complaint herein because of the pendency of the prior action in the Civil Court. Therefore, before any trial is commenced in this action, the trial court, on proper papers and after a hearing, if one is necessary, should either (1) dismiss the Supreme Court action unconditionally because of the existence of the Civil Court action, or (2) make such other order as "justice requires" (see CPLR 3211, subd [a], par 4). Mollen, P. J., Titone, Gibbons, Rabin and Gulotta, JJ., concur.