■ STEPHEN G. GLATZER, Appellant, v ROCCO SCAPPATURA et al., Defendants, and SHERMAN & CITRON et al., Respondents, et al., Defendants. — In an action to recover damages for fraud, plaintiff appeals from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered February 16, 1982, which, upon defendants Cecil Citron and Sherman & Citron's motion to dismiss the second amended complaint as to them on the grounds that plaintiff lacked the legal capacity to sue, a prior pending action existed between the parties, and plaintiff failed to state a cause of action, dismissed the action on the ground that a prior pending action existed between the parties, and denied plaintiff's cross motion to consolidate the actions and set venue in Westchester County. Order modified, on the law, by adding a provision granting plaintiff leave to replead, should he be so advised. As so modified, order affirmed, with costs to defendants Sherman & Citron and Cecil Citron. Should plaintiff choose to replead, he shall serve the amended pleading no later than 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. In granting the motion of defendants Sherman & Citron and Cecil Citron to dismiss plaintiff's second amended complaint as to them, Special Term concluded that there existed a prior pending action between the parties in New York County in which plaintiff could raise his claims. However, defendant Sherman & Citron was not a party to that prior action, and we determine that, under the circumstances, Special Term erred in granting the motion on that ground. Clearly, the two actions differed significantly because defendant Sherman & Citron was added as a party to the instant action, and, therefore, the two actions were not "between the same parties" (CPLR 3211, subd [a], par 4; see, also, *Mannari v Trinity 21 Corp.,* 73 AD2d 911; *Brown v Lo Grasso,* 203 App Div 50). However, plaintiff's second amended complaint fails to state a cause of action sounding in fraud against the moving defendants. Although plaintiff has purportedly presented a claim sounding in fraud, several crucial elements are absent. The most important deficiency was his failure to allege that the moving defendants made *any* representation, fraudulent or otherwise, to him. The substance of the second amended complaint appears to be that the moving defendants somehow participated in a scheme to defraud him and gave advise to those members of the conspiracy who actually made the purportedly fraudulent representations on which he relied to his detriment. However, mere allegations, in conclusory form, that the moving defendants participated in or assisted in the commission of a fraud are insufficient to state a cause of action (see *Halperin v Lieberman,* 271 App Div 878). Therefore, plaintiff's second amended complaint fails to state a cause of action sounding in fraud against them. Accordingly, the complaint is dismissed as to defendants Sherman & Citron and Cecil Citron, with leave to plaintiff to replead. Gibbons, J. P., Bracken, Niehoff and Rubin, JJ., concur.