■ MEINHARD-COMMERCIAL CORPORATION, Appellant, v HERBERT P. SYDNEY et al., Respondents. — Order, Supreme Court, New York County (Orest V. Maresca, J.), entered September 13, 1984, in an action by a commercial factor to recover damages as a result of credit extended on the basis of financial statements prepared by the defendants, which granted the defendants' motion to dismiss the first and second causes of action pursuant to CPLR 3211 (a) (5), (7), reversed, on the law, with costs, and the motion to dismiss the first and second causes of action is denied.

This is an action by a factor seeking to recover damages allegedly sustained when it extended credit to Norstan Industries, on the basis of a November 30, 1980 financial statement prepared by defendants, an accounting firm. The first cause of action alleged that the statement relied on was negligently prepared. The second cause of action alleged gross negligence. The complaint adequately sets forth that the defendants knew at the time the statement was prepared that it would be relied upon by plaintiff in extending credit to Norstan. It is further asserted that the statement was furnished to the plaintiff directly by the defendants on or about March 5, 1981.

The case is a variation of the issue addressed by this court in *Credit Alliance Corp. v Andersen & Co.* (101 AD2d 231) and is controlled by the decision of this court in that case. (*See also, European Am. Bank & Trust Co. v Strauhs & Kaye,* 102 AD2d 776.)

In *Credit Alliance (supra),* a majority of this court found legally sufficient allegations asserting damage as a result of reliance on a negligently prepared financial statement by accountants who were aware that the statement would be relied upon by a defined small group of potential lenders. Indeed, the facts set forth in this complaint are stronger for a finding of liability than those set forth in *Credit Alliance* since it is alleged, with supportive documents, that the defendants knew specifically that this plaintiff would rely upon a financial statement in extending credit, and that the defendants directly furnished the statement to the plaintiff.

A separate issue raised with regard to the Statute of Limitations is also controlled by the decision in *Credit Alliance (supra,* at pp 236, 237). The statement was received on March 5, 1981, and the Statute of Limitations was tolled by a filing of the summons with the County Clerk on March 1, 1984. It was held in *Credit Alliance* that the Statute of Limitations did not begin to run until the plaintiff received the statement upon which it relied. Accordingly, this action was timely commenced within

the applicable three-year statutory period. Concur — Sandler, J. P., Sullivan, Milonas and Kassal, JJ.