■ FLEET FACTORS CORP., Doing Business as AMBASSADOR FACTORS, Appellant-Respondent, v HENRY WERBLIN et al., Respondents-Appellants.—In an action to recover damages for negligence and fraud in the preparation of certain financial reports, plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Vitale, J.), entered May 25, 1984, as granted that branch of defendants' motion which sought the dismissal of the first, second and third causes of action alleged in the complaint, and defendants cross-appeal from so much of the same order as denied that branch of their motion which sought dismissal of the fourth, fifth and sixth causes of action.

Order modified, on the law, by deleting so much thereof as denied that branch of defendants' motion which sought to dismiss the fourth, fifth, and sixth causes of action and substituting therefor a provision granting that branch of defendants' motion with leave to the plaintiff to serve an amended complaint. As so modified, order affirmed, without costs or disbursements.

In its first three causes of action, plaintiff alleged that defendants, certified public accountants, had prepared and issued three separate reports on the financial condition of one Barbara Lew on October 15, 1974, February 6, 1979, and February 28, 1980, with the knowledge that Lew would use the reports to induce plaintiff to advance money, on her guarantee, to a corporation wholly owned by her. Plaintiff further alleged that, in reliance upon those reports, it did advance money to the corporation from November 1975 through August 1983. On November 9, 1983, Lew filed a petition in bankruptcy which did not reflect that she owned, or had recently transferred, certain securities allegedly listed on all three of the financial statements as comprising a

substantial part of her net worth. Plaintiff commenced the instant action against defendant accountants in or about December 1983. The first, second and third causes of action seek damages for the negligent preparation of each of the three financial statements. These causes of action were properly dismissed as time barred.

The Statute of Limitations for professional malpractice is three years, and in those cases where the plaintiff is the client of the professional the cause of action accrues upon the performance of the work by the professional (CPLR 214 [6]; *Sosnow v Paul,* 43 AD2d, 978, *affd* 36 NY2d 780; *Cubito v Kreisberg,* 69 AD2d 738, *affd* 51 NY2d 900). However, where, as here, the action is brought by a third party who was not the client, the action is not, strictly speaking, one for malpractice, but is one for simple negligence, and the statute begins to run, in such a case, from the date of the injury *(see, Cubito v Kreisberg, supra,* at pp 742-743). In the instant case, where defendant accountants knew that their reports would be used by plaintiff lender, a fact which defendants concede for the purposes of their motion, the Statute of Limitations began to run from the date that plaintiff received the report, as that was the first date plaintiff could have relied upon the report to its detriment *(see, e.g., Chemical Bank v Sternbach & Co.,* 91 AD2d 518, *appeals dismissed* 58 NY2d 1086; *Meinhard-Commercial Corp. v Sydney,* 109 AD2d 678). In other words, the injury occurred when plaintiff received the inaccurate or negligently prepared report; the fact that the injury was not perceived until a later time is irrelevant *(see, e.g., Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287, 300, *rearg denied* 271 NY 531).

Although the record does not reveal the dates on which plaintiff received the financial reports in question, the instant action was commenced in or about December 1983, and it is inconceivable that plaintiff first received the two earlier reports, allegedly issued on October 15, 1974 and February 6, 1979, on any date that would render timely an action based on them. Indeed, plaintiff asserts that it first advanced money in reliance upon the first inaccurate report in November 1975, some eight years prior to the commencement of this action. The record further indicates that plaintiff advanced money at least as early as March of 1980 in reliance upon the third report, allegedly issued on February 28, 1980; consequently, the instant action, commenced three years and nine months later, is also time barred.

Plaintiff's remaining three causes of action are based upon

the same three financial reports, but sound in fraud. These claims consist only of bald allegations; the plaintiff supplies no details concerning the facts which constitute the alleged fraud. Such allegations are insufficient to satisfy the pleading standards of CPLR 3016 (b). Therefore, these causes of action should have been dismissed. Plaintiff may serve an amended complaint if it be so advised (see, e.g., *Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536; *Glatzer v Scappatura,* 99 AD2d 505; *Marcucilli v Alicon Corp.,* 41 AD2d 932). Mangano, J. P., O'Connor, Niehoff and Kooper, JJ., concur.