■ STEPHEN G. GLATZER, Appellant, v ROCCO SCAPPATURA et al., Defendants, and SHERMAN & CITRON et al., Respondents.— In an action to recover damages for fraud, plaintiff appeals from an order of the Supreme Court, Westchester County (Sullivan, J.), entered June 7, 1984, which granted defendants Cecil Citron and Sherman & Citron's motion to dismiss the third amended complaint as to them.

Order affirmed, with costs.

Plaintiff's second, third, fourth, and sixth causes of action fail to state a claim sounding in fraud against the moving defendants because plaintiff has failed to allege that the moving defendants made any representation, fraudulent or otherwise, to him *(see, Glatzer v Scappatura,* 99 AD2d 505). The third amended complaint generally alleges that the moving defendants somehow participated in a scheme to defraud plaintiff and gave advice, direction and authorization to those members of the conspiracy who actually made the alleged fraudulent representations on which he relied to his detriment. However, as this court noted in plaintiff's recent appeal, "mere allegations, in conclusory form, that the moving defendants participated in or assisted in the commission of a fraud are insufficient to state a cause of action (see *Halperin v Lieberman,* 271 App Div 878)" *(Glatzer v Scappatura, supra).* Further, we note that because plaintiff suffered no damages as a result of the conduct complained of in his fourth cause of action, the claim asserted therein was not actionable *(see, Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403, 407).

Plaintiff's sixth cause of action was also properly dismissed on the ground of collateral estoppel. In a previous action,

plaintiff was precluded from objecting to the settlement of a lawsuit brought by two shareholders against Emergency Beacon Corporation. That very same objection forms the gravamen of plaintiff's instant six cause of action, which is thus barred by the doctrine of collateral estoppel.

Plaintiff's fifth cause of action is time barred by the Statute of Limitations. The claim asserted therein was only interposed upon the service of plaintiff's third amended complaint, in February 1984. There was not sufficient notice given of the transactions intended to be proved in any of plaintiff's earlier complaints, and thus CPLR 203 (e) does not apply. Accordingly, since the alleged fraudulent conduct complained of occurred in 1976, and the claim was not interposed until 1984, the claim is barred by CPLR 213 (8). Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.