■ GREENWOOD PACKING CORP., Respondent-Appellant, v TRIANGLE MEAT & PROVISIONS CORP., Defendant; JOSEPH MCKEON et al., Respondents, and BANK OF NEW YORK, Appellant-Respondent.—In an action, *inter alia,* to recover damages for goods sold and delivered, violation of a restraining notice and fraud, (1) the defendant the Bank of New York appeals, (a) as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Buell, J.), dated June 13, 1984, as, after a jury trial, is in favor of the plaintiff and against it in the principal amount of $40,873.01 in compensatory damages and $600,000 in punitive damages, and (b) from a decision of the same court, dated July 16, 1984, which, *inter alia,* denied its motion to set aside the jury verdict in its entirety; (2) the plaintiff appeals from an order of the same court, entered June 15, 1984, which denied its motion for reargument of a trial ruling dismissing its cause of action for attorneys' fees; and (3) the plaintiff and the defendant the Bank of New York appeal and cross-appeal from a judgment

of the same court, dated September 14, 1984, which modified the judgment dated June 13, 1984, by vacating the award of punitive damages against the defendant bank and dismissing the plaintiff's demand for that relief, after the plaintiff declined to stipulate to a reduction of the amount of those damages to $200,000.

Appeal from the judgment dated June 13, 1984 dismissed, without costs or disbursements. That judgment was superseded by the judgment dated September 14, 1984.

Appeal from the decision dated July 16, 1984, dismissed, without costs or disbursements. No appeal lies from a decision.

Appeal from the order dated June 15, 1984, dismissed without costs or disbursements (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment dated September 14, 1984 (see, CPLR 5501 [a] [1]).

Judgment dated September 14, 1984, modified, on the law, by reducing the principal amount of compensatory damages awarded in the second decretal paragraph thereof from the principal amount of $40,873.01 to the principal amount of $33,613.69, and by adding a provision dismissing the first and seventh causes of action of the plaintiff's complaint. As so modified, judgment dated September 14, 1984, affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment.

The jury rendered a verdict in favor of the plaintiff on its claim for compensatory damages in the principal amount of $40,873.01, based upon causes of action seeking damages, inter alia, for false representation resulting in a fraudulent conveyance, violation of a restraining notice, and on the basis that the plaintiff was the third-party beneficiary of the bank's promise to the defendant Triangle Meat & Provisions Corp. (hereinafter Triangle) to use its best efforts to compromise the claims of Triangle's creditors.

The restraining notice that the plaintiff caused to be served upon the bank after the plaintiff was granted summary judgment against Triangle in the principal amount of $34,238.97 for goods sold and delivered, was ineffective, where the bank, at the time of service, was not in possession of any property in which Triangle had an interest and did not owe a debt to Triangle (see, CPLR 5222 [b]). Therefore, the trial court erred in denying that branch of the bank's motion to dismiss the

first cause of action, which sought damages based on an alleged violation of that restraining notice.

In addition, the plaintiff failed to meet its burden of establishing that the bank's promise to Triangle was made with the intent to benefit the plaintiff (see, Braten v Bankers Trust Co., 60 NY2d 155; Airco Alloys Div. v Niagara Mohawk Power Corp., 76 AD2d 68). Therefore, the trial court erred in denying that branch of the bank's motion which was to dismiss the seventh cause of action which sought damages based on the bank's alleged breach of this promise (see, Braten v Bankers Trust Co., supra).

The plaintiff did sustain its burden of establishing a cause of action against the bank for fraudulent representation. However, of the award of $40,873.01 in compensatory damages, $7,259.32 was already outstanding and due to the plaintiff prior to the commission of the tortious acts. Therefore, only the remaining portion of the compensatory damages award by the jury, i.e., $33,613.69, should be left undisturbed.

The trial court did not err in dismissing the plaintiff's cause of action for attorney's fees based on Debtor and Creditor Law § 276-a, since this is not an action to set aside a conveyance by a debtor (see, Debtor and Creditor Law § 276-a; Rentz v Brodsky, 174 Misc 554). Finally, the record at bar does not contain sufficient evidence to support the conclusion that the conduct of the bank evinced such a high degree of moral turpitude and wanton dishonesty which would warrant an award of punitive damages (see, Borkowski v Borkowski, 39 NY2d 982; Walker v Sheldon, 10 NY2d 401; Luxonomy Cars v Citibank, 65 AD2d 549). Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.