■ LEE O. MONTALBO, Appellant, v MARIE L. MONTALBO et al., Respondents, et al., Defendant.—In an action, *inter alia,* to set aside a stipulation of settlement and vacate a judgment of divorce dated July 18, 1984, the plaintiff appeals (1) from a judgment of the Supreme Court, Westchester County (Ferraro, J.), dated July 28, 1986, granting the motion of the defendant Marie L. Montalbo for summary judgment dismissing the action insofar as it is asserted against her, with prejudice, for failure to prosecute, and vacating the notices of pendency filed against real property owned by Marie L. Montalbo in Westchester and Ulster Counties, and (2) from an order of the same court (Ferraro, J.), entered July 31, 1986, which granted the motion of the defendant Louis Lacerra for summary judgment dismissing the action insofar as it is asserted against him for

failure to state a cause of action, and denying the plaintiff's cross motion to vacate the judgment of divorce for failure of the parties to comply with Domestic Relations Law § 253.

Ordered that the order and the judgments are affirmed, with one bill of costs.

The plaintiff instituted an action for divorce against the defendant Marie L. Montalbo on June 26, 1984. The parties entered into a stipulation of settlement on the same date which provided, in part, that Marie L. Montalbo have sole ownership of two parcels of marital realty and all personal property contained in those marital residences. The Supreme Court, Westchester County (Rosato, J.), granted the parties a judgment of divorce on July 18, 1984. The judgment further provided that the stipulation survive.

The plaintiff subsequently commenced the instant action on or about July 16, 1985, to set aside the stipulation of settlement and vacate the judgment of divorce. The plaintiff alleged in the complaint that Marie L. Montalbo and her attorney, Thomas M. Geiger, had fraudently induced him to enter into the stipulation of settlement and had thus conspired to defraud him of his one-half interest in the marital properties, the furnishings contained therein, and three automobiles purchased and owned by him. He further alleged that Louis Lacerra, a member of the Mount Vernon School Board who was instrumental in helping Marie L. Montalbo obtain a promotion from teacher to assistant principal, was involved in the conspiracy.

At a conference on the matter held on April 17, 1986, the trial court advised the attorneys for the parties that the only issue to be considered at trial was whether the stipulation of settlement should be rescinded and it further advised that they should appear on the scheduled trial date prepared to try that issue. Five days after this conference, the plaintiff prepared an amended complaint setting forth a new cause of action to recover damages on the ground of fraud, deceit and conspiracy.

On May 13, 1986, the scheduled trial date, the plaintiff's counsel sought an adjournment of the trial pending the receipt of the answers of the defendants Thomas M. Geiger and Louis Lacerra to the amended complaint. The trial court noted its previous advisement to counsel at the pretrial conference and informed the plaintiff's attorney that if he did not proceed the case would be dismissed. The plaintiff's counsel refused to proceed.

Thereafter, upon the separate motions of the defendants Montalbo and Lacerra, the trial court dismissed the action as to each of the movants. With respect to the defendant Montalbo, the trial court dismissed the action for failure to prosecute and, as to the defendant Lacerra, the court held that the plaintiff failed to state a cause of action as against him. These appeals ensued.

Upon our review of the record, we conclude that the trial court's dismissal of the action against the defendants Montalbo and Lacerra was a proper exercise of discretion. Initially, we note that the amended complaint was dated April 22, 1986, just five days after the pretrial conference at which the parties were directed to proceed to trial on the issue of rescission of the settlement. The plaintiff may not contravene the ruling of the court by interposing an amended complaint and then claiming that the existence of the amended complaint precludes him from proceeding to trial on the original complaint (cf., Laffey v City of New York, 72 AD2d 685, affd 52 NY2d 796). We further note that the amended complaint does not allege any specific coercive behavior on the part of Louis Lacerra (CPLR 3016 [b]). Nor does it allege that Lacerra made any representations, fraudulent or otherwise, to the plaintiff (see, Glatzer v Scappatura, 116 AD2d 697).

We have examined the plaintiff's remaining contentions on appeal and find them to be without merit. Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.