■ FLEET FACTORS CORP., Doing Business as AMBASSADOR FACTORS, Appellant, v HENRY WERBLIN et al., Respondents.— In an action to recover damages for fraud in the preparation of certain financial statements, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Harwood, J.), entered July 8, 1986, which granted the defendants' motion to dismiss their amended complaint for failure to state a cause of action, and (2) so much of an order of the same court, entered December 31, 1986, as denied that branch of the plaintiff's motion which was for leave to replead.

Ordered that the order entered July 8, 1986 is affirmed and the order entered December 31, 1986 is affirmed insofar as appealed from, with one bill of costs.

The plaintiff claims that the defendants, certified public accountants, prepared and issued three separate reports on the financial condition of one Barbara Lew with the knowledge that Lew would use the reports to induce the plaintiff to advance money, on her personal guarantee, to a corporation wholly owned by her. The plaintiff further claims that in reliance upon those reports, it advanced money to Lew's corporation from November 1975 through August 1983 and that on November 9, 1983, when Lew filed a petition in

bankruptcy, that petition did not reflect that she owned, or had recently transferred, certain securities allegedly listed on all three of the financial statements as comprising a substantial portion of her net worth.

The plaintiff thereupon commenced an action against the defendants to recover damages for negligence and fraud in the defendants' preparation of the financial statements. Thereafter, the defendants moved to dismiss the complaint for failure to state a cause of action. This court affirmed the dismissal by the Supreme Court of the plaintiff's negligence claims as time barred, but reversed its finding that three causes of action sounding in fraud contained sufficiently detailed factual allegations. The plaintiff was, however, given leave to replead *(see, Fleet Factors Corp. v Werblin,* 114 AD2d 996). Following service of an amended complaint, a further motion to dismiss was made. We now conclude that the Supreme Court properly dismissed the plaintiff's amended complaint for failure to state a cause of action.

In paragraph 16 of its amended complaint, the plaintiff alleges, essentially, that the defendants knew or should have known that the financial statements prepared by them were false. This allegation, if proved at trial, would satisfy the scienter element of common-law fraud. In support of this allegation, the plaintiff claims that: (a) the defendants never "examined or saw the Securities or any evidence of Lew's ownership" to ascertain whether Lew owned them, (b) the defendants' verification consisted of their being "told by third parties that the said Securities were registered in the name of Lew's then husband" and not in the name of Lew and in "reviewing a photocopy of a general assignment running from Lew's then husband to Lew", and (c) "the defendants prepared tax returns for Lew and her then husband for the years 1974, 1977, 1978, 1979, 1980 and 1981" which did not reflect "dividends or interest with respect to the Securities although the Securities were known by defendants to have paid dividends or interest". These "additional detail[s] concerning the facts constituting the alleged fraud" are insufficient to satisfy the detailed pleading requirements of CPLR 3016 (b) *(see, Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536, 554; *Dworman v Lee,* 83 AD2d 507, *affd* 56 NY2d 816; *Empire of Am. v Andersen & Co.,* 129 AD2d 990). While the alleged conduct on the part of the defendants amounts to negligence, it does not rise to the level necessary to establish a cause of action to recover damages for fraud. Accordingly, the court properly dismissed the plaintiff's amended complaint.

Moreover, the court was correct in denying the plaintiff's subsequent motion seeking leave to replead. CPLR 3211 (e) provides in pertinent part that "[w]here a motion is made on the ground set forth in paragraph seven of subdivision (a) * * * if the opposing party desires leave to plead again in the event the motion is granted, he *shall* so state in his opposing papers" (emphasis added). In the instant case, the plaintiff did not request leave to replead in its papers opposing the defendants' CPLR 3211 (a) (7) motion. Nor has the plaintiff set forth any excuse for its failure to request leave to replead. This omission is particularly significant considering that when the plaintiff's complaint had previously been found to be insufficient by this court, it had been given an opportunity to replead. In any event, the "detail[s] concerning the facts [which constitute] the alleged fraud" *(Credit Alliance Corp. v Andersen & Co., supra,* at 554) provided by the plaintiff in its papers supporting the motion for leave to replead, do not establish "as a matter of law" that there was a "good ground to support" the plaintiff's theory of fraud *(Bardere v Zafir,* 63 NY2d 850, 852; *ATI, Inc. v Ruder & Finn,* 42 NY2d 454; *Burlew v American Mut. Ins. Co.,* 99 AD2d 11, *affd* 63 NY2d 412). Brown, J. P., Rubin, Eiber and Sullivan, JJ., concur.