**Martin and Irene COHEN,
Plaintiffs Pro Se,**

v.

**Donald ABRAHAMS, Defendant.**

**No. 87 Civ. 2542 (JES).**

United States District Court,
S.D. New York.

April 19, 1989.

---

Martin and Irene Cohen, Laguna Hills, Cal., pro se.

D'Amato & Lynch, New York City, for defendant; Kevin P. Carroll, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

In this action, plaintiffs *pro se* Martin and Irene Cohen allege that they were defrauded into lending money to several corporations by defendant Donald Abrahams, a certified public accountant. Plaintiffs' amended complaint ("complaint"), read liberally, alleges negligence, fraud, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* (1982 & Supp. IV 1986). Defendant has moved to dismiss the complaint for failure to state a cause of action pursuant to Fed.R.Civ.P. 12(b)(6) and for failure to state fraud with particularity as required by Fed.R.Civ.P. 9(b). For the reasons that follow, defendant's motion is granted in part and denied in part.

Plaintiffs allege that they made loans on the basis of fraudulent financial statements which were prepared by defendant.[1] *See* Complaint at ¶¶ 23–30. Although knowledge may be averred generally under Rule 9(b), plaintiffs nevertheless must allege facts from which the Court may infer that the defendant had knowledge of falsity or at least a reckless disregard for the truth. *See Connecticut National Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir.1987); *Ross v. A.H. Robins Co.*, 607 F.2d 545, 558 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980).

Here, the allegations of fraud are entirely conclusory, and the complaint sets forth no facts from which an inference may reasonably be drawn that the defendant had the requisite scienter. Therefore, the motion to dismiss the claim of fraud must be granted.[2] Moreover, since the only allegations of the complaint which could arguably

---

1. For the purposes of this motion to dismiss, the Court has not considered the affidavits submitted by defendant, but has accepted the allegations of the complaint as true.

2. In dismissing plaintiffs' first complaint without prejudice, the Court stated that any further dismissals would be with prejudice. *See* Order dated April 29, 1988.

support a RICO claim are the fraud allegations, that claim must also be dismissed.[3]

 Plaintiffs have also pleaded a negligence claim under New York law. In order for an accountant to be held liable in the absence of privity, plaintiff must allege (1) that the accountant was aware that the financial statement was to be used for a particular purpose, (2) in furtherance of which a known party was intended to rely, and (3) that there was some conduct on the part of the accountant linking him to that party and evincing his understanding of that party's reliance. *See Credit Alliance v. Arthur Andersen & Co.*, 65 N.Y.2d 536, 551, 493 N.Y.S.2d 435, 443, 483 N.E.2d 110, 118 (1985). Plaintiffs' complaint, which must be construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), sufficiently alleges a negligence cause of action under this standard, *see* Complaint at ¶¶ 7–8, 10, 13–19. Therefore, the negligence claim cannot be dismissed.[4]

## CONCLUSION

For the reasons set forth above, the motion to dismiss the amended complaint is denied as to count I (negligence) and granted as to counts II (fraud) and III (RICO). Defendant shall file an answer on or before May 12, 1989. All parties shall complete discovery on or before July 28, 1989. A Pre–Trial Conference shall be held on July 28, 1989 at 10:30 AM. Should plaintiffs fail to appear at that Pre–Trial Conference, as they have in the past, the Court will entertain a motion to dismiss on that ground.

It is SO ORDERED.

**3.** Because the Court dismisses the RICO claim on this ground, it need not address the issue of whether the amended complaint pleads a sufficient RICO claim under *Beauford v. Helmsley*, 865 F.2d 1386 (2d Cir.1989).

**4.** These claims may be subject to dismissal because of the running of the statute of limitations, which is three years from the date the financial statement was received. *See Fleet Factors Corp. v. Werblin*, 114 A.D.2d 996, 997, 495 N.Y.S.2d 434, 435–36 (2d Dept.1985). That issue, however, and other issues such as whether defendant certified financial statements or whether causation can be shown because plaintiffs relied on out of date statements, cannot be disposed of on a motion to dismiss.