**Martin and Irene COHEN,
Plaintiffs Pro Se,**

v.

**Donald ABRAHAMS, Defendant.**

**No. 87 Civ. 2542 (JES).**

United States District Court,
S.D. New York.

Dec. 3, 1990.

See also, 710 F.Supp. 981.

---

Martin and Irene Cohen, Laguna Hills, Cal., pro se.

D'Amato & Lynch, New York City, for defendant; Kevin P. Carroll, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiffs *pro se* bring this action against Donald Abrahams, a certified public accountant, alleging that they made substantial loans to corporations audited by defendant in reliance upon those audits. Plain-

tiffs assert that defendant negligently conducted those audits and because the loans have not been repaid they have suffered damages. Presently pending before the Court is defendant's motion for summary judgment dismissing the complaint which, for the reasons set forth herein, is granted.

## BACKGROUND

Defendant Donald Abrahams is a certified public accountant and maintains an office in New York City. *See* Defendant's Statement of Material Facts as to Which there is No Genuine Issue of Fact Pursuant to Local Rule 3(g) ("Deft's 3(g) Statement") at ¶ 1; Affidavit of Donald Abrahams ("Abrahams Aff.") at ¶ 1. In or about the summer of 1981, Abrahams was retained by Lawrence Cohen and Fred Simon to prepare compilation financial statements ("CFSs") for the following corporations, of which they were the principals: Larfred, Inc. ("Larfred"); Justin Scott Originals, Ltd. ("Justin Scott"); and J.T. Originals, Inc. ("J.T. Originals"). *See* Plaintiffs' Statement Pursuant to Local Rule 3(g) ("Pltfs' 3(g) Statement") at ¶ 8; Deft's 3(g) Statement at ¶¶ 4–5.[1]

Abrahams prepared a CFS for Justin Scott, which was dated March 17, 1982 and another for J.T. Originals, dated June 30, 1982. *See* Abrahams Aff. at ¶ 4 & Exs. F–G. The parties agree that he also prepared one for Larfred; however, a copy of that CFS is unavailable.[2] Defendant further asserts that he ceased to render accounting services for those corporations in

July of 1983. *See* Deft's 3(g) Statement at ¶ 6.

Plaintiffs, who are Lawrence Cohen's parents, made several loans to corporations controlled by their son. *See* Amended Complaint at ¶ 9; Abrahams Aff. at Ex. I (Letter of Martin Cohen to Kevin P. Carroll, Esq. and accompanying exhibits). Plaintiffs' documents indicate that between January of 1981 and November 13, 1982, they loaned $55,000 to Lawrence Cohen for his various corporate ventures, often depositing the funds directly into the corporate accounts.

## DISCUSSION

Defendant contends that the instant action is barred by the statute of limitations. The Court agrees.[3]

In New York, the statute of limitations for an action against an accountant based upon statements the accountant made regarding the financial condition of an entity to whom a loan has been made is three years from the date that the plaintiff received the financial statements. *See Fleet Factors Corp. v. Werblin*, 114 A.D.2d 996, 997, 495 N.Y.S.2d 434, 436 (2d Dep't 1985); *Meinhard–Commercial Corp. v. Sydney*, 109 A.D.2d 678, 678–79, 487 N.Y.S.2d 7, 9 (1st Dep't 1985); N.Y.Civ.Prac.L. & R. 214 (McKinney 1990).

Here, the deposition testimony and the documents produced by plaintiffs indicate that the last loan made to any of Lawrence Cohen's corporations in reliance upon the CFSs prepared by defendant was November 13, 1982.[4] This action was commenced

1. The Amended Complaint and Plaintiffs' 3(g) Statement both assert that in addition to the corporations named above defendant also performed accounting services for the following corporations, also controlled by Lawrence Cohen and Fred Simon: Cookie Jar, Inc., Justin Scott, Inc., and Justin T., Inc. *See* Amended Complaint at ¶ 5; Pltfs' 3(g) Statement at ¶ 8. Defendant denies that he performed any accounting services for these corporations. *See* Abrahams Aff. at ¶ 2. The Court does not find this discrepency meaningful because the undisputed evidence indicates that the last loan to *any* of Lawrence Cohen's corporations was November 13, 1982.

2. Abrahams stated that the Larfred CFS was obtained by the New York County District Attor-

ney's Office in connection with a criminal investigation of Lawrence Cohen, Fred Simon and Sheldon Simon and never returned. *See* Abrahams Aff. at ¶ 4.

3. In view of the Court's conclusion that the action is barred by the statute of limitations, the Court need not address defendant's arguments that plaintiffs' reliance upon the CFSs was neither foreseeable nor reasonable.

4. Plaintiffs' amended complaint alleges that they loaned money to the corporations between 1982 and 1985. *See* Amended Complaint at ¶ 9. However, Fed.R.Civ.P. 56 states that a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings

in April of 1987, which is more than three years after the last loan was made to those corporations. The action is therefore time-barred. *See Fleet Factors*, 114 A.D.2d at 997, 495 N.Y.S.2d at 436.

Plaintiffs argue that the statute of limitations must be tolled because the loans to the corporations were made at a 15% rate of interest which continues to accrue until the present date. They argue that the statute of limitations is tolled until they can demand that the entire debt, including interest, must be paid and that since the interest continues to accrue, such a demand may not be made. No authority has been cited for this novel proposition which would extend a statute of limitations indefinitely in any case where a borrower defaults upon a debt that continues to bear interest. Indeed, to accept such a contention would entirely subvert the policies of repose served by statutes of limitations. Accordingly, the Court rejects plaintiffs' argument.[5]

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is granted and the action is dismissed. The Clerk of the Court is directed to close the above-captioned action.

It is SO ORDERED.

---

but must show by affidavit or other evidentiary material a genuine issue of fact which would justify a trial. *See* Fed.R.Civ.P. 56(e). Here, plaintiffs' testimony and documents show that the last loan to the corporations was November 13, 1982, not 1985. Moreover, both plaintiffs were requested to supplement their discovery responses if they recalled any other loans in addition to the ones they identified, *See* Deposition of Martin Cohen ("M. Cohen Dep.") at 61–62 (annexed to Abrahams Aff. at Ex. D); Deposition of Irene Cohen ("I. Cohen Dep.") at 12–14 (annexed to Abrahams Aff. at Ex. E), but have not produced any evidence of additional loans.

**5.** Immediately before defendant filed his motion, but after the motion had been discussed at

a Telephone Pre–Motion Conference, plaintiffs wrote to the Court seeking the Court's advice regarding procedures for taking a written deposition of defendant. However, in view of the fact that plaintiff was and is aware of all of the facts relevant to the defendant's defense that the statute of limitations bars his action, any further discovery of the defendant by written deposition or otherwise could add nothing to the disposition of this motion on that ground. *See Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 925–27 (2d Cir.1985); *Federal Republic of Germany v. Elicofon*, 536 F.Supp. 813, 827–28 (E.D.N.Y.1978), *aff'd*, 678 F.2d 1150 (2d Cir.1982).