■ ALVIN GALLANT et al., Respondents, v DONALD KANTERMAN et al., Appellants. [603 NYS2d 315] —Order, Supreme Court, New York County (William J. Davis, J.), entered May 9, 1991, to the extent it granted plaintiffs' motion dismissing the four affirmative defenses and counterclaim in the answer of defendant North American Transfer Company, unanimously affirmed, without costs. Order (same court and Judge) entered May 7, 1992, unanimously modified, on the law, to the extent of granting so much of the motion by defendant Giannola for dismissal of the eighth cause of action against him, without leave to replead; granting so much of the motions of individual defendants holding an interest in Aids International Diversified Services, Inc. ("Aids") to dismiss the seventh cause of action against them with leave to replead upon completion of discovery; and otherwise affirmed, without costs.

In 1987 plaintiff Gallant obtained two judgments against Donald Kanterman for money borrowed but never repaid, in the combined amount of $324,451.49. A derivative suit against Kanterman on behalf of the corporate plaintiff, alleging breach of contract, conversion and unjust enrichment, and seeking an accounting, permanent injunction, rescission and appointment of a temporary receiver, resulted in a judgment in 1990 of $1,943,977.78. In 1989 Gallant obtained a declaratory judgment against Kanterman in the amount of $307,322.71, for violation of article 10 of the Debtor and Creditor Law by attempting to transfer securities and cash assets beyond the creditor's reach. Since then, and throughout the instant action, Kanterman has engaged in a cat-and-mouse game to avoid satisfaction of these judgments, no part of any of which has yet been paid. Of course, to do this, a

judgment debtor needs help; hence, the elaborate *litis personae* of this case.

Kanterman is alleged to have concealed his assets, namely, 3,000,000 shares of defendant Aids International Diversified Services, a public corporation of which he was chairman, by causing 30,000,000 shares in a successor corporation (after a merger and 10-for-1 split) to be issued to certain family trusts controlled by Kanterman and his son, defendant Jonathan Kanterman. The legal mechanics of these transactions were allegedly worked out by the defendant law firm of Feinberg & Felzen and its partner, defendant Stephen J. Feinberg, who was also a substantial shareholder in Aids, as well as defendant Laurence W. Futterman (collectively, "the attorney defendants"), the last of whom was also a stockholder, officer and director of Aids. The transactions were actually carried out by the transfer agent for Aids, defendant North American Transfer Company, its owner, defendant Mildred Rostolder (also a shareholder in Aids), and a North American employee, defendant Marvin Rostolder (collectively, "the Rostolder defendants"). Other defendants allegedly tied in with Aids and the scheme to avoid satisfaction of plaintiffs' judgments are shareholders/directors/officers Jack G. Giannola, Cynthia G. Kubala and Daniel T. Wyer; shareholders/directors Jeffrey Furman and Anthony Picciuto; and shareholder/employee Kevin Krown. Among the claims asserted against various combinations of these defendants are violation of restraining notices under CPLR 5222 (b), fraudulent conveyance under article 10 of the Debtor and Creditor Law, and conspiracy and joint venture to defraud.

In May 1991 the IAS Court, in granting default judgment against Donald Kanterman, also dismissed North American's four affirmative defenses directed to the second amended complaint, and its counterclaim for abuse of process, and North American appealed. A year later, in May 1992, the same court issued another order disposing of motions for dismissal and summary judgment by various of the defendants, directed to the nine causes of action in the second amended complaint. The attorney defendants, the Rostolder defendants and Giannola separately appealed various aspects of that narrative order, to the extent that pertinent portions of the second amended complaint were dismissed with leave to replead. Plaintiffs cross-appealed the dismissal of four causes of action without leave to replead, and the dismissal of one other cause of action albeit with leave to replead. The 1991 and 1992 appeals have been consolidated.

We look with disfavor upon elaborate schemes to frustrate satisfaction of legitimate judgments. Despite years of litigation, this case is not yet ripe for trial, and indeed, the alleged fraudulent transfers of assets make the case very appropriate for thorough investigative discovery. With that in mind, our review of the pleadings is guided by the principle that further discovery, and even a third amended complaint, are justified except where dismissal of a particular claim is clearly warranted as a matter of law.

The first, fifth and sixth causes of action in the second amended complaint allege violations of notices restraining the disposition of Donald Kanterman's assets. Such a notice served upon a person other than the actual judgment debtor is effective "only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served." (CPLR 5222 [b].)

A bank or transfer agent not in possession of property in which the judgment debtor has an interest, or owing any debt to said judgment debtor, at the time of service of the notice, cannot be held liable for violation of the restraint (*Greenwood Packing Corp. v Triangle Meat & Provisions Corp.*, 120 AD2d 701, 702-703). There is valid reason for not holding a party other than a judgment debtor liable indefinitely for violation of a restraining notice. It was for this reason that the CPLR limited the effectiveness of a restraint on a party other than the debtor to one year (*see,* 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5222.17), as opposed to effectiveness for the 20-year lifetime of the judgment in the case of the debtor (*cf., id.,* ¶ 5222.16; under the former Civil Practice Act, the two-year duration of the restraint made no distinction between debtors and others).

The Rostolder defendants are alleged to have received instructions from the attorney defendants on April 7, 1989 to issue 30,000,000 shares of the successor defendant Aids Corporation to the Kanterman family trusts, backdated to March 27, which was two days before restraining notices had been served upon Aids and the attorney defendants. Technically, the Rostolder defendants were not in violation on April 7 because, according to the second amended complaint, the restraining notice was served upon them three days earlier,

on April 4, when it is assumed they were not yet in possession of the stock. On the other hand, plaintiffs allege that the instructions received by the Rostolder defendants on April 7 included a direction to backdate the issuance of the stock certificates to March 27 (thus predating the restraining notices served on Aids and the attorney defendants). The Rostolder defendants, already on notice of the restraint on April 7 as a practical matter, if not legally (because they were not yet in possession on April 4), cannot have it both ways by having immunity from the statutory notice by reason of the passage of three days before coming into possession, while at the same time backdating the transaction to a point eight days in advance of the service of notice. Indeed, if the stock certificates were issued on April 7, bearing a date of March 27, that would indicate that the Rostolder defendants *were* in possession on April 4, and thus subject to the statute, and liable for its violation. These defendants cannot be allowed to play hopscotch between the dates of March 27 and April 7, while conveniently avoiding the crucial intermediate date of April 4. Under these unique circumstances, the first cause of action should not have been dismissed as against the Rostolder defendants without clear evidence establishing that they were not in possession of Donald Kanterman's assets on the date of service of the restraining notice; that aspect of the motion should have been denied without prejudice to renewal upon completion of discovery.

There is no allegation that the attorney defendants actually possessed property of Donald Kanterman's, or owed him any debt. Normally, failure to indicate that defendants ever came into possession of the debtor's assets would undermine an allegation that a restraining notice has been violated. However, in view of the elaborate scheme alleged here, to conceal assets and avoid satisfaction of judgments, factual disagreements would appear to warrant further discovery. Accordingly, the motion to dismiss so much of the first cause of action as against the attorney defendants should also be denied without prejudice to renewal after discovery.

The fifth cause of action alleges that defendant Giannola, as a shareholder/officer/director of Aids, was served with CPLR 5222 (b) restraining notices on July 13, 1988 and January 16, 1990, following the judgments in favor of the individual plaintiff. Thereafter, Giannola was elected president of the corporation, and notwithstanding those notices, he presided over adoption of a corporate resolution rescinding the issuance of the 15,000,000 shares of Aids stock to the Donald Kanterman

trust. Such rescission allegedly effected a retransfer of the property of the debtor back to the corporate defendants, thus putting them in possession of Donald Kanterman property while on notice of the restraints thereon. The sixth cause of action alleges that Aids thereupon reissued this stock, including 14,775,000 shares to defendant Giannola personally. Plaintiffs have identified portions of the record indicating defendant Giannola's acknowledgment of his possession or custody of property in which he knew or had reason to believe that Kanterman had an interest. As with the first cause of action, the motion to dismiss the fifth and sixth causes was properly denied without prejudice to renewal after discovery.

Citing the same sequence of facts, the second cause of action alleges that the scheme to pass stock into the Kanterman family trusts evidenced a fraudulent conveyance in violation of article 10 of the Debtor and Creditor Law. This transaction did not make the attorney defendants or the Rostolder defendants either transferees or beneficiaries of a conveyance of stock which can be set aside, and there is no remedy under this statute for money damages against these parties (*Federal Deposit Ins. Corp. v Porco,* 75 NY2d 840). The IAS Court was correct in dismissing this cause of action as against these defendants.

The seventh cause of action alleges a similar statutory violation by reason of the February 1990 corporate rescission of the earlier transfer to the Donald Kanterman trust. To the extent that that rescission might have resulted in an enhancement of the value of Aids stock held by the individual defendants who voted in favor of such rescission, they might well be considered "beneficiaries" of that transaction. Plaintiffs should be permitted to replead the seventh cause of action in this regard after completion of discovery, and we modify to that effect.

The third and eighth causes of action allege a conspiracy by all defendants to defraud the creditors. However, general and conclusory allegations that non-debtor co-conspirators somehow participated in a scheme to defraud, without identifying affirmative representations upon which the creditors relied, are insufficient to sustain such a cause of action (*Glatzer v Scappatura,* 116 AD2d 697). Even further discovery would not cure this pleading defect of failure to identify fraudulent representations upon which plaintiffs would have had to rely. Dismissal of these causes of action without leave to replead should have been the proper disposition.

Outright dismissal of the fourth and ninth causes of action,

alleging a joint venture to defraud, is not challenged on these appeals.

What adds to the difficulty in deciding this case on appeal is the failure to settle an order before the IAS Court. These consolidated appeals involve motions addressed to the pleadings, already in their second amended form, which are so complex that the papers fill a two-volume record. The second amended complaint consists of nine causes of action asserted against multiple parties. The cause of appellate disposition would have been much better served had the parties been directed to settle an order delineating the IAS Court's precise disposition of each aspect of that complaint. The court's narrative decision did not satisfy that need.

Motion for reargument is granted, and upon reargument, this Court's unpublished order entered on July 8, 1993 (Appeal No. 48649-50) is recalled and vacated and a new decision and order substituted therefor. Concur—Murphy, P. J., Rosenberger, Wallach and Rubin, JJ.