■ ALVIN GALLANT et al., Respondents, v DONALD KANTERMAN et al., Defendants, and JEFFREY FURMAN, Appellant. [671

NYS2d 50] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered April 15, 1997, which denied the renewed motion of defendant Jeffrey Furman for summary judgment dismissing the third amended complaint as against him and awarded $500 in sanctions to be paid by his counsel to plaintiffs' counsel, unanimously reversed, on the law, with costs, renewal granted and thereupon the third amended complaint is dismissed as against him, and the award of sanctions is vacated. The Clerk is directed to enter judgment in favor of the defendant, Jeffrey Furman, dismissing the third amended complaint as against him.

Plaintiffs herein are judgment creditors seeking recovery against, *inter alia*, Jeffrey Furman as an alleged transferee of the debtor's assets, for violation of restraining notices and fraudulent conveyance.

In 1987, in a prior action, plaintiff Alvin Gallant obtained two judgments in the combined amount of approximately $324,000 against defendant Donald Kanterman, and in 1990 the corporate plaintiff Gallant Securities Inc. obtained a judgment in excess of $1.9 million against him. In 1989, Gallant also obtained a declaratory judgment against Kanterman for violation of article 10 of the Debtor and Creditor Law for attempting to transfer securities and cash assets beyond plaintiffs-judgment creditors' reach. A "cat and mouse game" ensued, in which Kanterman obtained the assistance of numerous others in a scheme to avoid satisfaction of plaintiffs' judgments by concealing his assets (198 AD2d 76).

Kanterman was chairman of Aids International Diversified Services, Inc. (Aids, Inc.), a public corporation in which he held 3 million shares (worth about $300,000). In the course of attempting enforcement of the money judgments, restraining notices were served upon, *inter alia*, Kanterman and Aids, Inc.

The complaint in the present action initially alleged that Kanterman caused 30 million shares in Aids, Inc. (after a merger and 10-for-1 stock split) to be issued to certain family trusts controlled by him and his son, in violation of the restraining notices, in an attempt to defraud plaintiff. Thereafter, the complaint was amended to allege that, at a February 1990 board meeting, the transfer to the family trust was rescinded and shares were issued to certain individuals. Included as defendants were directors who voted in favor of this transaction, on the theory that this conduct was a violation of the restraining notices and a fraudulent conveyance.

In 1993, this Court dismissed the second amended complaint as against Furman but granted leave to replead the fraudulent

conveyance cause of action: "The seventh cause of action alleges a similar statutory violation by reason of the February 1990 corporate rescission of the earlier transfer to the Donald Kanterman trust. To the extent that that rescission might have resulted in an enhancement of the value of Aids stock *held by the individual defendants who voted in favor of such rescission*, they might well be considered 'beneficiaries' of that transaction. Plaintiffs should be permitted to replead the seventh cause of action *in this regard* after completion of discovery, and we modify to that effect." (198 AD2d 76, 80, *supra* [emphasis added].)

In June 1995, plaintiff served upon Furman a third amended complaint alleging that Furman participated in the board vote to rescind the family trust transfer and then issue the shares, and that some of those shares were thereupon issued to him. In addition, the amendment included causes of action claiming contempt for violation of the restraining notices.

Furman moved for summary judgment dismissing these causes of action, which were the only ones directed against him, on the grounds that the stock was never issued to him and that he never accepted the directorship or participated in the vote. Although the notes of the board meeting indicated that the issuance of the shares to Furman had been authorized, Furman averred that he did not accept the director position, did not vote on the matter and never received the stock that had been promised to him, and submitted evidence to show that the shares were not, in fact, issued. This included a May 21, 1990 letter from the stock transfer agent stating that the stock had not been issued as of that date and the July 9, 1991 stock transfer ledger, which did not show Furman as a shareholder.

Justice William Davis denied Furman's motion. With respect to the contempt (CPLR 5251) causes of action, the court found that plaintiffs had raised an issue of fact as to whether Furman took affirmative steps to violate the restraining notices. With respect to the fraudulent conveyance cause of action, the court found an issue of fact as to whether Furman was a stockholder.

Furman appealed, contending that he was clearly not a shareholder. In conjunction with his appeal, he moved to enlarge the record to include the newly-discovered evidence that forms the basis of the present motion as well: i.e., uncontested evidence that the certificate representing the 15 million shares of Aids, Inc. stock that was supposedly rescinded and then reissued had actually been turned over to plaintiffs'

attorney in June 1990, pursuant to an order and judgment of the Supreme Court in a related matter, to which Furman was not a party. Inasmuch as this evidence had not been before Justice Davis on the summary judgment motion, Furman's motion to enlarge was denied by this Court; nor did this Court address the point on appeal of Justice Davis's order (234 AD2d 182).

Upon the basis of this newly-discovered evidence, Furman brought, in Supreme Court, the "renewed motion" now under review, seeking summary judgment dismissing the third amended complaint as against him. He explained that the information was first disclosed to him at a March 28, 1996 deposition of plaintiff, which had been conducted after Justice Davis had rendered his December 28, 1995 decision denying summary judgment.

The motion court denied Furman's motion and granted the cross-motion for sanctions, without addressing the merits of this argument, concluding that the argument had been made previously and denied on its merits.

It was an improvident exercise of discretion to deny renewal and award sanctions. Furman's attorney provided an adequate explanation for his failure to submit the newly-discovered evidence on the original summary judgment motion, in view of the 1992 dismissal of all causes of action against Furman and his reintroduction into the litigation over 2½ years later.

The newly-discovered, and uncontested, evidence that plaintiffs (through their attorney) were in possession of the judgment debtor's original, uncancelled stock certificate since June 13, 1990 warranted a grant of summary judgment in Furman's favor.

Although possession or non-possession of a stock certificate is not always dispositive of shareholder status (*see, e.g., Matter of Estate of Purnell v LH Radiologists,* 90 NY2d 524, 532), here plaintiffs' own possession of the certificate negates their claims against Furman, without any need for determination of the issue of stock ownership or actual shareholder status.

Under CPLR 5201 (c) (4), a stock certificate is "property capable of delivery", and therefore subject to enforcement of a money judgment. By the express terms of the statute, whoever has possession of the certificate is the garnishee. Because the certificate constitutes "property capable of delivery" under CPLR 5201 (c) (4), it is available pursuant to CPLR 5232 (b) to be levied upon by seizure and sold on plaintiff's behalf. Thus, plaintiffs' possession of the certificate necessarily defeats any claim by plaintiffs that Furman interfered with their ability to levy or execute upon those shares.

Also meritless is plaintiffs' contention that the board's February 1990 vote to rescind and reissue the shares, in which vote Furman allegedly participated, provides a basis for the claims against him. Inasmuch as the stock certificate in plaintiffs' possession was the original, uncancelled certificate, as a matter of law that vote can have had no legal effect. Therefore, all the causes of action against Furman must fall.

Finally, the $500 sanction imposed by the court must be vacated inasmuch as counsel's argument was neither frivolous nor an uncalled-for rehash of an issue already decided. Concur—Ellerin, J. P., Wallach, Rubin, Tom and Saxe, JJ.