■ BURSTIN INVESTORS, INC., Respondent, v K.N. INVESTORS, LTD., et al., Defendants. WINICK & RICH, P. C., Intervenor-Appellant. [680 NYS2d 639] —In an action, *inter alia*, to recover damages for fraud (1) the intervenor appeals, as limited by its

brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered April 4, 1997, as granted that branch of the plaintiff's motion which was to direct it to account for any and all funds or other property that it received from Nachum Kalka or K.N. Investors, Ltd., after March 22, 1996, and to pay any such funds or property to the plaintiff, and (2) Nachum Kalka, Alan S. Liebman, and the intervenor appeal from an order of the same court also entered April 4, 1997, which, *inter alia,* directed the intervenor to respond to an information subpoena.

Ordered that the appeal from the order entered April 4, 1997, which, *inter alia,* directed the intervenor to respond to an information subpoena is dismissed for failure to perfect the same; and it is further,

Ordered that the order entered April 4, 1997, which, *inter alia,* granted that branch of the plaintiff's motion which was to direct the intervenor to account for any and all funds or other property that it received from Nachum Kalka or K.N. Investors, Ltd., after March 22, 1996, and to pay any such funds or property to the plaintiff is reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

On March 22, 1996, the Supreme Court entered a judgment of over $8,000,000 in favor of the plaintiff and against, *inter alia,* K.N. Investors, Ltd. (hereinafter K.N.), and its principal, Nachum Kalka. On the same day, the Supreme Court issued a temporary restraining order enjoining Kalka and K.N. from transferring any assets out of New York State or to any other person or entity, and the plaintiff served a restraining notice pursuant to CPLR 5222 on Kalka. Four days later, on March 26, 1997, the plaintiff served Kalka's attorneys, Alan S. Liebman and the intervenor Winick & Rich, P. C., with similar restraining notices.

In December 1996, the plaintiff moved, *inter alia,* to direct the intervenor to account for any funds or other property that it received from Kalka or K.N. after March 22, 1996, and to pay any such funds or property to the plaintiff, on the ground that Kalka had paid the intervenor substantial sums of money, allegedly for attorneys' fees, that should have been applied to the satisfaction of the judgment. The Supreme Court granted the plaintiff's motion, and the intervenor appeals.

We agree with the intervenor that the restraining notice served upon it by the plaintiff was ineffective. There is no evidence in the record, nor did the plaintiff allege, that, at the

time the notice was served, the intervenor was in possession of any property in which Kalka or K.N. had an interest or that the intervenor owed a debt to Kalka or K.N. (see, Gallant v Kanterman, 198 AD2d 76; Greenwood Packing Corp. v Triangle Meat & Provisions Corp., 120 AD2d 701; see also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5222:4, at 205). Moreover, contrary to the Supreme Court's conclusion, the service of a restraining notice pursuant to CPLR 5222 does not confer priority upon the judgment creditor in the form of a lien on the judgment debtor's property, and "a judgment creditor serving a restraining notice ordinarily is required to take further steps in enforcing his judgment, such as an execution or levy upon the judgment debtor's property, in order to prevent the intervening rights of third parties from taking precedence over his claim against the judgment debtor" (Aspen Indus. v Marine Midland Bank, 52 NY2d 575, 580). Accordingly, the Supreme Court erred in granting that branch of the plaintiff's motion which was to direct the appellant to account for funds received from Kalka or K.N. and to pay such funds to the plaintiff based on the restraining notice served upon the intervenor. O'Brien, J. P., Sullivan, Pizzuto and Florio, JJ., concur.