■ 303 REALTY CORP., Appellant, v EDWARD ALBERT et al., Respondents.—In an action to recover damages for fraud, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Stolarik, J.), dated December 15, 1987, which, upon an order granting the defendants' motion for summary judgment, is against it and in favor of the defendants.

Ordered, that the judgment is affirmed, with costs.

In 1981, the plaintiff brought an action against the defendant Merchants and Business Men's Mutual Insurance Company (hereinafter Merchants) seeking a money judgment in the sum of $86,000. The plaintiff alleged in its complaint that it was entitled to that sum pursuant to the terms of a certain multiperil insurance policy which had been issued by Merchants, and which included a provision which covered losses due to fire, subject to limits of $75,000 for property damage and $11,000 for loss of rents. After a trial, a jury returned a verdict, *inter alia,* finding that the plaintiff's property had been damaged, and that those damages were covered by the insurance policy issued by Merchants. The jury also found that the plaintiff had suffered a loss of rent, which was likewise covered under the policy. However, the trial court found that the plaintiff had failed to prove the extent of its property damage, and granted judgment in favor of Merchants with respect to that aspect of the claim. That judgment was never appealed from.

In the current action, the plaintiff is now seeking a money judgment in the sum of $120,000 against Merchants, as well as against its agent, Edward Albert. The plaintiff alleges in its complaint that Mr. Albert promised to obtain insurance coverage "that would cover all of plaintiff's needs and require-

ments". The plaintiff further alleges that Mr. Albert "fraudulently" failed to obtain adequate insurance and that, as a result, the plaintiff suffered damages in the amount of $120,000.

The Supreme Court properly awarded summary judgment in favor of both defendants. The plaintiff is precluded from litigating in the present action any issue which was actually litigated and decided in the prior action to which he was a party, including the issue concerning the amount of his property damage claim. Since the court held, in the prior action, that the plaintiff's losses attributable to property damage were not proved, the plaintiff is now bound by that determination. Contrary to the plaintiff's contention, the defense of issue preclusion (or collateral estoppel) may be asserted by strangers to the prior litigation, and may thus be asserted by Mr. Albert in the present case, even though he was not a party to the prior action (see, e.g., GTF Mktg. v Colonial Aluminum Sales, 108 AD2d 86, affd 66 NY2d 965).

Furthermore, we agree with the Supreme Court that the plaintiff's complaint is defective, not only because it fails to state with particularity the "circumstances constituting the wrong" (CPLR 3016 [b]) but also because it fails to allege all of the essential elements of a cause of action for fraud (CPLR 3211 [a] [7]; see generally, Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc., 88 AD2d 461). More fundamentally, we find that the plaintiff failed to demonstrate that it possesses a valid cause of action for fraud, so that the Supreme Court was also correct in granting that branch of defendants' motion which was for summary judgment (CPLR 3212). The record on appeal demonstrates not only that the plaintiff has failed to state a cause of action for fraud, but also that the plaintiff in fact has no cause of action for fraud. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.