■ BRUCE RICE, Respondent, v ALAN COHEN, Appellant.— Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered January 9, 1990, granting plaintiff's motion, pursuant to CPLR 3213, for summary judgment in lieu of complaint in the total amount of $316,317.71, unanimously affirmed, without costs.

Plaintiff was the owner of R.A. Industries, and owned 46% of the stock in its successor company, Rice Aircraft, Inc. Defendant was the accountant for both companies from 1979 until 1988 and, in fact, had recommended the reorganization of the former into the latter for tax reasons, which was accomplished in 1985. At the time of the incorporation of Rice Aircraft, Inc., defendant purchased 22½% of the common stock of the company. He acquired the funding by borrowing $450,000 from plaintiff, which was secured by a promissory note for that amount. The note, on its face, provided for the term and rate of interest on that loan, contained an acceleration clause, and otherwise was unconditional. Defendant alleges, without substantiation, that the parties had orally agreed that sufficient quarterly dividends would be paid to defendant to satisfy the quarterly payments on the loan. Defendant asserts defenses of fraud in the inducement as to the making of the note and failure of consideration.

In granting summary judgment to plaintiff, the IAS court concluded that the language of the note was clear and unambiguous and that defendant's parol evidence was inadmissible to vary its terms. We agree.

The note made no reference to the stock purchase or any other transaction. Defendant's defense is based only on allegations which are extrinsic to the note. Whatever defendant's allegations may be concerning plaintiff's alleged promise that future dividends should be sufficient to satisfy the repayment, defendant offers no substantive evidence in support of his allegations that the note, as distinct from the sale of stock, was induced by fraud. Defendant's allegations amount only to an expression of "future expectations rather than statements of existing fact" *(Country-Wide Leasing Corp. v Subaru of Am.,* 133 AD2d 735, 736). Defendant's allegations, rather, sound in breach of contract, as to the sale of stock. We have noted that "[a] contract action may not be converted into one for fraud by the mere additional allegation that the contracting party did not intend to meet his contractual obligation." *(Comtomark, Inc. v Satellite Communications Network,* 116 AD2d 499, 500.) We have examined defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Carro, Asch, Smith and Rubin, JJ.