■ THOMASON'S NATHAN'S ASSOCIATES, Respondent, v FRANK HAJEK, Appellant.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered November 20, 1989, granting plaintiff's motion for summary judgment in lieu of complaint in the amount of $90,000 plus interest and costs, and denying defendant's cross motion for summary judgment in the amount of $10,000, unanimously affirmed, with costs.

Defendant invested in a limited partnership in plaintiff, financed with a down payment of $10,000 and the balance covered by a note for $90,000, to be paid in quarterly installments. Defendant concededly defaulted on the note, but set up lack of consideration and fraud in the inducement as defenses to plaintiff's summary judgment motion.

Defendant received what he paid for—a limited partnership interest in a venture whose risk was acknowledged at the time of the subscription. In order to demonstrate fraud in the inducement, the burden would be on defendant to prove plaintiff's "present intent", at the time of the transaction, to deceive by intending not to carry out the future representation *(Lanzi v Brooks,* 43 NY2d 778, *affg* 54 AD2d 1057). The clear and unambiguous terms of the note sued upon herein

made no reference to any collateral agreements or transactions. The fact that such contemporaneous agreements may in turn have referred to the note constitutes extrinsic evidence which is barred by the parol evidence rule, to the extent they are inconsistent with the terms of the note, and will not defeat a motion for summary judgment under CPLR 3213 *(Rice v Cohen,* 161 AD2d 530; *Benderson Dev. Co. v Hallaway Props.,* 115 AD2d 339, *affd* 67 NY2d 963). Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Smith, JJ.