■ SUNDIAL ASPHALT CORP., Appellant, v V.P.C. INVESTORS CORP. et al., Respondents.—In an action to rescind a contract and to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), entered November 16, 1989, which granted the defendants' motion for summary judgment and thereupon dismissed the plaintiff's first and second causes of action, and dismissed the third cause of action with leave to replead.

Ordered that the order is affirmed, with costs.

The parties to this action entered into a contract whereby the defendant, V.P.C. Investors Corp. (hereinafter VPC) was granted an option to purchase certain property belonging to the plaintiff, Sundial Asphalt Corp. (hereinafter Sundial). The contract contained a provision whereby VPC, prior to exercising this option, had the "right" to purchase from Sundial all of its asphalt needs. This provision also stated that VPC was to be "permitted" to purchase at least 100,000 tons of asphalt per year from Sundial.

Sundial commenced an action against VPC and its principals claiming that VPC's principals made oral representations to Sundial's principal to the effect that VPC would purchase

not less than 100,000 tons of asphalt per year from Sundial, to induce Sundial to enter into the contract. Sundial's first two causes of action sought rescission of the agreement based on these representations. The third cause of action sought monetary damages based on fraud. However, VPC, claiming that the contract was clear and unambiguous, moved for summary judgment.

Contrary to Sundial's claim, the court properly dismissed its first two causes of action. The language of the agreement was unambiguous and made it optional for VPC to purchase "at least" 100,000 tons of asphalt. Therefore, parol evidence was not admissible to contradict this provision (see, Citibank v Plapinger, 66 NY2d 90, 95; Thomason's Nathan's Assocs. v Hajek, 169 AD2d 568; Rice v Cohen, 161 AD2d 530; Citizens Fid. Bank & Trust Co. v Coulston Intl. Corp., 160 AD2d 1110; Grossberg v Grossberg, 104 AD2d 439).

Further, contrary to Sundial's contention, the court also properly dismissed its third cause of action with leave to replead. This cause of action did not allege sufficient facts constituting the alleged fraud (see, CPLR 3016 [b]; 303 Realty Corp. v Albert, 154 AD2d 590; Lanzi v Brooks, 54 AD2d 1057, affd 43 NY2d 778) and did not allege facts showing that at the time the representations were made, VPC never intended to honor them (Lanzi v Brooks, supra). Finally, Sundial's claim that further discovery is needed to determine what facts would show that the principals of VPC never intended to honor their alleged oral representations is meritless. Sundial has not set forth its efforts to obtain the necessary facts (see, Gold v City of New York, 141 AD2d 502). Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.