■ ROGER BERLIND et al., Respondents, v MARTIN HEINFLING, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Diane Lebedeff, J.), entered January 4, 1991, which, *inter alia,* granted plaintiffs' motion for summary judgment in lieu of complaint pursuant to CPLR 3213 as against the defendant on three promissory notes totalling $526,191.50, unanimously affirmed, with costs.

Plaintiffs, experienced theatrical producers, commenced the underlying action for summary judgment in lieu of complaint against the defendant, a sophisticated businessman and experienced investor in theatrical productions, seeking to recover the sum of $526,191.50, plus accrued interest, on three unconditional promissory notes, each dated December 20, 1989, executed by the defendant in connection with the financing and production of the musical-drama "Annie 2".

Upon examination of the record, we find, as did the IAS court, that the plaintiffs established a *prima facie* case of entitlement to summary judgment under CPLR 3213 by submission of the promissory notes executed by the defendant together with proof of their non-payment *(Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137, *affd* 29 NY2d 617), and that the defendant, in turn, failed to come forward with evidentiary proof sufficient to raise a triable issue of fact as to any of his affirmative defenses to the notes *(Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 154).

Thus, the defendant has failed to set forth sufficient evidence to support his defenses of fraud in the inducement and mutual mistake in having signed the notes in his personal, rather than his corporate, capacity, where the record reveals that the promissory notes in question were part of an investment transaction between sophisticated, counseled parties dealing at arms length and that the language of the notes unambiguously obligated the defendant in his personal capacity *(Chimart Assocs. v Paul,* 66 NY2d 570, 574).

Equally devoid of merit are the defenses of fraud or misrep-

resentation in connection with the limited partnership agreement between the parties for the theatrical production since the offering plan expressly warned investors of the substantial risks involved, including the possibility of total loss of their investment, and since a defendant may not defeat summary judgment on an unconditional promissory note by alleging fraudulent inducement in connection with a separate, though related transaction *(Rice v Cohen,* 161 AD2d 530).

We have reviewed defendant's remaining claims and find them to be without merit. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.