Review of defendant's contention concerning the consolidation of his three indictments is foreclosed by operation of his guilty plea, which served to waive all nonjurisdictional defects (*People v Grant*, 140 AD2d 623); in any event the contention is without merit.

We perceive no abuse of sentencing discretion. Concur—Murphy, P. J., Sullivan, Milonas and Mazzarelli, JJ.

■ THOMAS REYNOLDS, Respondent, v LEE ARGUSH, Appellant. (And Another Action.) [656 NYS2d 200] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered January 31, 1996, awarding plaintiff partial summary judgment in the principal amount of $152,000, and bringing up for review an order, entered November 17, 1995, which, in an action to recover on a promissory note in the amount of $250,000, *inter alia*, granted plaintiff's motion for summary judgment to the extent that nonpayment was admitted, unanimously affirmed, with costs.

The partnership agreement entered into by corporate entities respectively wholly owned by the parties, which defendant alleges plaintiff breached by making risky investments contrary to the strategy the parties had devised and by diverting certain business opportunities away from the partnership to another venture plaintiff had created, is not so intertwined with the note, entered into by the parties in their individual capacities, as to warrant the withholding of judgment on the note. The note does not state that its repayment, even in part, is contingent upon partnership distributions to defendant or his corporation; rather, the note says that partnership distributions are to be applied to the repayment of the note, such distributions clearly being intended to benefit plaintiff or his corporation as something of a security device. Had the parties intended such distributions to be the sole method of repayment, they would have said so. The note was a simple loan, enabling defendant's corporation to participate in the partnership. Although the note and the partnership agreement were part of the same general transaction, the alleged breaches of the partnership agreement do not constitute a defense to the note, nor are they so intertwined with it as to warrant a discretionary denial or stay of judgment on the note (*see, Harris v Miller*, 136 AD2d 603). Concur—Murphy, P. J., Sullivan, Milonas and Mazzarelli, JJ.