■ WIESLAWA HICKI, Also Known as ELIZABETH HICKI, Respondent, v CHOICE CAPITAL CORP. et al., Appellants. [694 NYS2d 750] —In an action, *inter alia,* for a judgment declaring a certain note and mortgage void on the ground of usury, the defendants appeal from an order of the Supreme Court, Kings County (Dowd, J.), dated July 30, 1998, which, *inter alia,* granted the plaintiff's motion for partial summary judgment on her first and second causes of action.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

In September 1990 the defendant Choice Capital Corp. (hereinafter Choice), loaned the plaintiff the principal sum of $55,000 for a period of one year at the maximum allowable interest rate of 16% per year (*see,* Banking Law § 14-a [1]). In addition to making monthly interest payments throughout the one-year term, the plaintiff was required to repay the entire principal at the term's end. The promissory note provided that interest accumulating after default or maturity would be due and payable at the rate of 2% per month. When the plaintiff failed to repay the principal when due, Choice granted her a three-month extension, but required that she thereafter pay interest at the rate of 24% per year. The plaintiff commenced the instant action, *inter alia,* for a judgment declaring that the loan and the mortgage securing it were void as usurious, and moved for partial summary judgment on the first and second causes of action, which were to declare the note void and the mortgage discharged. The Supreme Court granted the motion. We reverse.

It is well settled that "the defense of usury does not apply where * * * the terms of the mortgage and note impose a rate of interest in excess of the statutory maximum only after default or maturity" (*Miller Planning Corp. v Wells,* 253 AD2d 859, 860; *see, Shorehaven Assocs. v King,* 184 AD2d 764; *Klapper v Integrated Agric. Mgt. Co.,* 149 AD2d 765; *Bloom v Trepmal Constr. Corp.,* 29 AD2d 951, *affd* 23 NY2d 730). The Supreme Court incorrectly determined that the subject loan was usurious because the plaintiff was required to pay interest at a rate greater than 16% per year after the original maturity date of the loan. While this issue is raised for the first time on appeal, under the circumstances of this case, it is appropriate to consider it (*see, Matter of Cooke v City of Long Beach,* 247 AD2d 538; *see, Block v Magee,* 146 AD2d 730, 732-733).

Additionally, the court also erroneously determined, as a matter of law, that a $5,000 broker's fee paid by the plaintiff to the defendant Truen Associates constituted additional interest paid to Choice on the loan. Whether this commission constituted "a cover for usury" is a question of fact (*see, Hammelburger v Foursome Inn Corp.,* 54 NY2d 580, 594-595; *Rumbaut v Reinhart,* 216 AD2d 551, 552; *Feinberg v Old Vestal Rd. Assocs.,* 157 AD2d 1002, 1004). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.