■ Atul Bhatara, Respondent, v Hans Futterman, Appellant. [998 NYS2d 4]—

Judgment, Supreme Court, New York County (Cynthia S. Kern, J.), entered December 13, 2013, against defendant in the total amount of $326,475.07, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered August 15, 2013, which granted plaintiff's motion for summary judgment

in lieu of complaint, and denied defendant's cross motion to compel arbitration, and appeal from order, same court and Justice, entered December 13, 2013, which corrected its order entered August 15, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff made a prima facie showing of his entitlement to summary judgment in lieu of complaint by producing the note executed by defendant for a $200,000 loan and proof of defendant's failure to pay in accordance with the note's terms (*see e.g. Ness v Fellus*, 92 AD3d 551, 551-552 [1st Dept 2012]). In opposition, defendant failed to raise a triable issue of fact. The court was not required to consider any extrinsic documents referenced in the note (*see Nordea Bank Finland PLC v Holten*, 84 AD3d 589, 590 [1st Dept 2011]). That the note was secured by a combined 3% membership interest in a business owned by defendant does not "alter its essential character as an instrument for the payment of money only and, accordingly, is immaterial to plaintiff's right to relief pursuant to CPLR 3213" (*Solanki v Pandya*, 269 AD2d 189 [1st Dept 2000]). We note that in paragraph 14 of the note, defendant expressly agreed that his obligations to make payment under the note "shall at all times continue to be absolute and unconditional in all respects, and shall at al[l] times be valid and enforceable irrespective of any other agreements . . . which might otherwise constitute a defense to th[e] [n]ote." Further, defendant agreed in paragraph 9 of the note that no release of any security for the payment of the note shall affect his liability for payment under the note.

We reject defendant's contention that the loan was usurious, since the stated rate of interest for the loan was 10% per year, well below the statutory maximum of 16% per year (*see Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc.*, 105 AD3d 178, 182 [1st Dept 2013]; General Obligations Law § 5-501 [1]; Banking Law § 14-a [1]), and since the transfer of any membership interests did not occur until after his default (*see Hicki v Choice Capital Corp.*, 264 AD2d 710, 711 [2d Dept 1999]).

Defendant's cross motion to compel arbitration was correctly denied, since defendant specifically agreed in paragraph 16 of the note that any action arising from any disputes under the note shall be commenced in the Supreme Court of the State of New York.

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Andrias, Feinman and Kapnick, JJ.