Jinmei Yang v Shang Dai (2021 NY Slip Op 02125)





Jinmei Yang v Shang Dai


2021 NY Slip Op 02125


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Gische, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 650268/20 Appeal No. 13513-13514-13515 Case No. 2020-03325 2020-03630 2020-03631 2020-03632 

[*1]Jinmei Yang, Plaintiff-Respondent,
v
Shang Dai et al., Defendants-Appellants.


Yankwitt LLP, White Plains (Benjamin C. Fishman of counsel), for appellants.
Law Office of Z. Tan PLLC, Flushing (Bingchen Li of counsel), for respondent.



Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered August 14, 2020, in favor of plaintiff and against defendants in the amount of $1,242,914.80, upon the grant of summary judgment in lieu of complaint on a note and guaranty, and judgment, same court and Justice, entered August 28, 2020, awarding plaintiff $10,500 in contractual attorneys' fees, unanimously affirmed, with costs. Appeals from underlying orders, same court and Justice, entered July 9, 2020 and August 21, 2020, unanimously dismissed, without costs, as subsumed in the appeals from the judgments.
"To establish prima facie entitlement to summary judgment in lieu of complaint, a plaintiff must show the existence of a promissory note executed by the defendant containing an unequivocal and unconditional obligation to repay and the failure of the defendant to pay in accordance with the note's terms" (Zyskind v FaceCake Mktg. Tech., Inc., 101 AD3d 550, 551 [1st Dept 2012]). The December 28, 2018 amended and restated note stated that defendant Shang Dai "unconditionally" promised to pay plaintiff Jinmei Yang by the maturity date in exchange for the loan of $1,150,000 and it is undisputed that defendant Dai defaulted.
Even if the note and the parties' investment were part of the same general transaction, the fact that the investment was not profitable did not constitute a defense to the note, nor were they so intertwined as to warrant a stay of judgment on the note (Reynolds v Argush, 238 AD2d 151 [1st Dept 1997]). At most, the promissory note "[was] part of an investment transaction between sophisticated, counseled parties dealing at arms-length and that the language of the notes [ ] obligated the defendant in his personal capacity" (Berlind v Heinfling, 176 AD2d 452, 452 [1st Dept 1991]). That the note was secured by a membership interest in a business owned by defendant does not "alter its essential character as an instrument for the payment of money only and, accordingly, is immaterial to plaintiff's right to relief pursuant to CPLR 3213" (Bhatara v Futterman, 122 AD3d 509, 510 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021